**FILED - GR**
March 16, 2020 3:50 PM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: __tlb_   SCANNED BY: ܠܢ  3-17-20

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISON

| | |
|---|---|
| OWEN W. BARNABY, | ) |
| Plaintiff | ) |
| | ) |
| Vs. | ) |
| THE HONORABLE MABEL J.MAYFIELD C.J | ) |
| THE HONORABLE DENNIS M. WILEY | ) |
| THE HONORABLE ALFRED M. BUTZBAUGH, | ) |
| THE HONORABLE JOHN E. DEWANE, | ) |
| THE HONORABLE JOHN M. DONAHUE, | ) |
| Berrien County Circuit Trial Court Judges, | ) |
| BERRIEN COUNTY TRIAL COURT, for the State of Michigan | ) |
| Defendants | |

**1:20-cv-232**
Paul L Maloney - U.S. District Judge

CIVIL RIGHTS COMPLAINT
PURSUANT to 42 U.S.A. §1983
PURSUANT to Civil Rights Acts of 1866

| | |
|---|---|
| THE HONORABLE WILLIAMS B. MURPHY, CJ, | ) |
| THE HONORABLE JANE M. BECKERING, | ) |
| THE HONORABLE JOEL P. HOEKSTRA, | ) |
| THE HONORABLE DAVID H. SAWYER, | ) |
| THE HONORABLE MARK T. BOONSTRA, | ) |
| THE HONORABLE JAMES ROBERT REDFORD, | ) |
| Michigan Court of Appellate Judges, | ) |
| MICHIGAN COURT OF APPEALS, for the State of Michigan. | ) |
| Defendants | |

Owen W. Barnaby
P.O. Box 1926
Kennesaw, GA 30156
(678) 382-4183

Defendants
Address of Defendants
Berrien County Court House
811 Port Street,
St. Joseph, Michigan 49085
(269) 983-7111

Address of Defendants
350 Ottawa Ave, NW, Grand
Grand Rapids MI 49503
(616) 456-1167

1

1.      This case involves the Plaintiff, Owen W. Barnaby ("Plaintiff"), a small real-estate Investor, which investments proceeds was his and his immediate family's only livelihood. For the past decade, Plaintiff has been entrapped in the civil divisions, in the   Berrien County Circuit Court, in the Michigan Court of Appeals, and in the Federal Courts, fighting against hostile, Berrien County Government and its Treasurer Bret Witskowski, to receive his monetary relief for his real properties they have unconstitutional stolen and defrauded him of, sold some and demolished the other of his properties which destroyed Plaintiff's and his family's livelihood without due process of law. Additionally, Plaintiff-harm/damage cause him to loss all his properties, hardship of pain and suffering and the proximate cause of, son Matthew's untimely death.  As one of their tactics to keep Plaintiff from receiving monetary relief for his properties, Berrien County Government and its Treasurer Bret Witskowski, in concert with State Court's Judges engaged in Unauthorized Practice of Law {UPL} fail to notice Plaintiff, then introduce Oral Contract with Plaintiff and breach it, defrauded Plaintiff of liberty and property in violation of the 14th Amendment, and his constitutional rights, civil rights and due process of law.

2.      [F]irst, the Michigan foreclosure law General Property Tax Act, P.A. 206 of 1893, amended (MCL 211.1 et seq.) ("GPTA") mandates that, the circuit court's hearing in the tax year of 2010 scheduled to be held, on March 01, 2010, before the circuit court judge by a licensed attorney (MCL 600.916 and MCL 450.681), followed by a final redemption period ending on March 31st of that year, It was later amended to "a circuit court hearing in February, MCL 211.78a-l, see Exhibit A.

3.      [S]econd, On March 01, 2010 the Trial Judge Butzbaugh aided and abetted Non-Lawyer Treasurer Witkowski to do Unauthorized Practice of Law{UPL} to procure "Judgment" on August 18, 2010 without notice to Plaintiff,  which [all courts] to date have relied on it as

2

either a, "valid Judgment " or a "voidable Judgment". But Judge Butzbaugh  violation of
Plaintiff's constitution rights per the 14th amendment cause him, to lack jurisdictions of the
subject matter and the parties, committed "fraud upon the court", when he granted Non-Lawyer
Witkowski privileges to do [UPL], to procure the "Judgment", and lacked the inherent power to
enter the August 18, 2010 "judgment" in violation of Plaintiff constitutional rights,  which "void
the judgment"; as the State Court's  actions violated: MCL 211.78a-l; MCL 600.916; MCL
450.681, (MCR 2.003 (B) (C) and (Michigan Code of Judicial Conduct, Canons 1-8); 42 U.S.C.
§1983; Fourteen Amendment Section I; Civil Right Act of 1866 and U.S. Supreme Court's
precedence Rowland v. Calif. Men's Colony, 506 U.S. 194, 201-203(1993), Exhibits B, C.

      4.     [T]hird, Trial Judge Dewane and 'Berrien County Government and its Treasurer
Bret Witskowski wittingly suppressed the "Oral Contracts" material evidence between the
parties, and then, corruptly ruled that Plaintiff did not prove Oral Contracts existed between the
parties. Then, unconstitutional ruled against Plaintiff on false pretense as if Trial Judge
Butzbaugh's August 18, 2010 Void Judgment procured by UPL and lack of notice to plaintiff is
a valid judgment.  Furthermore, Trial Judge Dewane violated Plaintiff's constitutional rights
finding that because Barnaby was at 'Berrien County Government's and its Treasurer Bret
Witskowski's annual public auction which he was accustom to attend, he had notice. But, Trial
Judge Dewane again suppressed the evidence that it was the Court that first told Plaintiff years
later that, Trial Judge Butzbaugh aided and abetted Non-Lawyer Treasurer Witkowski to do
UPL, without notice to Plaintiff, which prove Plaintiff could not have been notice by, Trial Judge
Butzbaugh and Non-Lawyer Treasurer Witkowski of their UPL on March 1, 2010 to procured
the August 18, 2018 Judgment against Plaintiff, see Exhibits F, G, H and K.  Clearly, Trial Judge
Dewane's actions, was and is an unconstitutional deprivation of Barnaby's 14th Amendment.

5.      [F]ourth, Core issue, **year later** Non-Lawyer Witskowski confessed Trial Judge

Butzbaugh aided and abetted him in doing unauthorized practice of law. Then, Trial Judge

Butzbaugh granted Non-Lawyer Witskowski the Judgment arisen from the same UPL, Exhibit B,

C, and E.

16  Q. So explain to me what law would permit you to conduct
17       a foreclosure proceeding when you're not an attorney?
25  **A. And the judge gave me the privilege of the opportunity**
1        **to represent the county.**
2   Q. As an attorney?
3   **A. I answered your question.**
4   Q. Okay.

6.      [F]ifth, when Plaintiff filed Appeal by rights, in the 'Michigan Appellate Court,

within the 21 day time line, per his due process rights pursuant to 14th amendment, it was

dismissed for lack of jurisdiction.  Plaintiff filed delayed application for leave to appeal, which

was also denied, without even receiving the file from the Defendant Berrien Trial Court, which

further violated Plaintiff's due process rights pursuant to 14th amendment.  Plaintiff are deprived

of both his trial court hearing and his appeal by rights per his constitutional rights, (Exhibit I).

**Court of Appeals, State of Michigan**
**ORDER**
In re Petition of Berrien County Treasurer.
Docket No. 311727.                      Lower Court No. 2009-000200-CZ

David H. Sawyer, Chief Judge Pro Tem, acting under MCR 7.203(F)(1), orders:
        The claim of Appeal is DISMISSED for lack of jurisdiction. Initially, while the
claim of appeal refers to two circuit case numbers, the July 13, 2012 order appealed from
was entered only in Lower Court No. 2009-000200-cz. That post-judgment order is not a
final order appealable of right. MCR 7.202(6)(a); MCR 7.203(A). Rather, it is manifest
that the final order under MCR 7,202(6)(a)(i) in the Lower Court No. 2009-000200-CZ is
the August 18, 2010 judgment of foreclosure in favor of appellee and that the July 13,
2012 order does not fall under any of the definitions of a final order civil case MCR
7.2002(6)(a).  At this time appellant may seek to appeal the July, 13, 2012 order by filing
a delayed application for leave to appeal under MCR 7.205(F).
Dated:  October 23, 2012
                              /S/David H. Sawyer
                        David H. Sawyer, Chief Judge Pro Tem

7.      [S]ixth, Plaintiff has been before the Sixth Circuit federal Court, and the federal

District Court's on Originating Case No. 1:14-cv-01279 four times. The first was on Case

No.16:-cv-1207 which Sixth Circuit. "**VACATE** the district court's order and **REMAND** the

case for further proceedings", Exhibit K.  The second and third were Case Nos.18:-cv-

1121/1128, Plaintiff now argues that Case No.18:-cv-1121 is void, because  the District Court's

judgment, entered on January 12, 2018, denied Plaintiff,  and 'Berrien County Government and

its Treasurer Bret Witskowski' Motion for Summary Judgment, affirmed by Sixth Court is void;

as both courts relied on State Court's [void judgments and Orders.]

8.      Background, 'Berrien County Government and its Treasurer Bret Witskowski,

filed two motions for summary judgment, Plaintiff filed one motion for summary judgment.

'Berrien County Government's and its Treasurer Bret Witskowski's first motion, were as follows

on the following grounds, of:

> (1), Plaintiff's Claims are Barred by Rooker-Feldman Doctrine; (2), Plaintiff's due
> process claim is barred by the Tax Injunction Act, 28 U.S.C. § 1341; (3), Plaintiff's due
> process claim is barred by the Principal of Comity; (4), Plaintiff's due process claim is
> barred by the doctrines of res judicata and collateral estoppels (5). Plaintiff has failed to
> State a Claim upon which relief may be granted.

9.      The Federal District court granted 'Berrien County Government and its Treasurer

Bret Witskowski, motion on the ground of 'Rooker-Feldman Doctrine'.  Plaintiff appealed to the

Sixth Circuit Appellate Court that 'Rooker-Feldman Doctrine' is moot and Sixth Circuit Court

agreed, vacated and remand the case back to District Court.  On remand both Plaintiff and

'Berrien County Government and its Treasurer Bret Witskowski filed motions for summary

judgments. The 'Berrien County Government and its Treasurer Bret Witskowski raised the same

grounds; which the District Court first denied on their first Summary Judgment, as follows:

> (1), Plaintiff's due process claim is barred by the Tax Injunction Act, 28 U.S.C. § 1341;
> (2), Plaintiff's due process claim is barred by the Principal of Comity; (3), Plaintiff's due

5

process claim is barred by the doctrines of res judicata and collateral estoppels (4). Plaintiff has failed to State a Claim upon which relief may be granted.

10. The District Court again granted 'Berrien County Government and its Treasurer Bret Witskowski', motion and denied Plaintiff's 'Motion for Summary Judgment', on the ground that, Plaintiff's claim was barred by the doctrines of res judicata and collateral estoppel, Sixth Circuit Court affirmed on December 18, 2018, and denied Panel Rehearing on January 14, 2019 on Case No. 18-1121. Both Courts also denied Plaintiff's, 'Rule 60 motion', January 08, 2020. After the Sixth Circuit Court affirmed the District Court's Judgment, Appellant discovered via the State Court that, all the state court's judgments in relation to Plaintiff's parcels are [void], District Court and Sixth Circuit Court's Judgments are vitiate [void], as they predicated on Trial Judges' and Appellate' Judges' void judgments-orders which violated Plaintiff's constitutional rights and civil rights pursuant to 42 U.SA. §1983 and the 14th amendments. As such Plaintiff entitled to declaratory judgment against Trial Judges' and Appellate' Judges' void judgments-orders violated Plaintiff's constitutional rights and civil rights pursuant to 42 U.S.C. §1983 and the 14th amendment.

11. Plaintiff is entitled to a declaratory judgment because both State Courts Judges' Judgments-orders and 'Berrien County Government and its Treasurer Bret Witskowski, violated Plaintiff's constitutional rights and civil rights pursuant to 42 U.S.C. §1983 and the 14th amendment. The Sixth Circuit Court, **"VACATE** the district court's order…" granting, 'Berrien County Government and its Treasurer Bret Witskowski, that, "Plaintiff's Claims was Barred by Rooker-Feldman Doctrine", as moot, Exhibit K.

12. Now, it requires this, 'Civil Rights Action', to grant Plaintiff's entitled declaratory judgment, against the Trial Judges' and the Appellate' Judges' void judgments-orders which violated Plaintiff's constitutional rights and civil rights pursuant to 42 U.S.C. §1983 and the 14th

amendment.  As, Judgments and Orders which both Federal District Court and Sixth Circuit

Federal Court, relied on are void State Court's Judgments and Orders.  As such, judicial notice of

the Michigan Courts decision in the form of either judicial comity or full faith and credit, as

matter of logic, reasoning and law cannot be claim by Defendants in this present civil right case,

because State Courts' judgments and orders violated Plaintiff's constitutional rights and civil

rights pursuant to 42 U.S.C. §1983 and the Fourteenth amendment.

      13.     On March 01, 2010 when Trial Judge Butzbaugh aided and abetted Non-Lawyer

Treasurer Witkowski to do Unauthorized Practice of Law {UPL} to procure "Judgment" on

August 18, 2010 without notice to Plaintiff, the Trial Judge Butzbaugh committed "fraud upon

the court", has deprived and defrauded Plaintiff of liberty and property in violation of his

constitutional rights pursuant to the fourteenth Amendment. The fact that [all courts] to date have

relied on Judge Butzbaugh judgment as either a, "valid Judgment" or a "voidable Judgment", and

utterly ignoring constitutional requirements of due process of law is all too reminiscent of a

perspective where facts do not matter but alternative facts do, where the constitution does not

matter and where the rule of law is set aside and replaced by the rule of subjective, fact-free

decision-making.

      14.     Plaintiff, cannot received monetary relief for his properties which, Berrien County

Government and its Treasurer Bret Witskowski unconstitutionally defrauded him of because of

wrongly imposed unconstitutional State of Michigan Judges' Judgments and Orders. Plaintiff's

constitutional and civil rights have been violated by public officials under color of law and thus,

"such actions cannot be allowed to stand in a nation of laws, not men; in a nation that cares about

the constitution and the rule of law". Therefore, Plaintiff brings this complaint as follows:

## JURISDICTION

15.     This action is brought pursuant to 42 U.S.C. § 1983, Civil Right Acts of 1866 and the Fourteenth Amendment to the United States Constitution. Jurisdiction is proper under 28 U.S.C. § 1331 and § 1343(a)(3).

16.     Pursuant to 42 U.S.C. § 1983, "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated, or declaratory relief was unavailable." In the present matter, declaratory relief is available and that is the only relief requested. See Yellen v. Hara, No. CV 15-00300 JMS-KSC, 2015 WL 8664200 (D. Haw. Dec. 10, 2015).     In Yellen, the judicial officer was named as a party and the case was not dismissed under the Younger abstention doctrine of the Rooker-Feldman doctrine. The Yellen court stated that, the claims against the judge were dismissed because the plaintiff was seeking monetary damages and injunctive relief which are prevented. In the present case, there are no damages or injunctive relief sought.

17.     Venue is proper in the United States District Court Western District of Michigan pursuant to 28 U.S.C. § 1391(b).

18.     This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201, for the purpose of determining a question of actual controversy between the parties. Plaintiff seeks a declaration from this Court that Judgments of the State of Michigan Judges, as executed, are unconstitutional because the judgments and orders violated and is violating Plaintiff's constitutional rights and civil rights pursuant to 42 U.S.C. §1983 and the 14th amendment. As stated above Plaintiff is entitled to a declaratory judgment because both State

8

Courts' Judges Judgments-Orders and 'Berrien County Government and its Treasurer Bret Witskowski, misconducts violated Plaintiff's constitutional rights and civil rights pursuant to 42 U.S.C. §1983 and the 14th amendment. The Sixth Circuit Court, "VACATE the district court's order and REMAND the case for further proceedings", granting, 'Berrien County Government and its Treasurer Bret Witskowski, that, "Plaintiff's Claims was Barred by Rooker-Feldman Doctrine", as moot. And, now the Plaintiff is entitled to a declaratory judgment because of the ongoing unwillingness of Michigan State Court Judges to correct their unconstitutional judgments-orders has been a continued deprivation of Plaintiff's constitutional rights and civil rights and due process rights.

## PARTIES

19.     Plaintiff, Owen W. Barnaby ("Plaintiff" or "Mr. Barnaby" or "Barnaby"), is herein a citizen of the United States, a resident of Cobb County, Georgia, and involved in ongoing litigation in the in the civil divisions, in the   Berrien County Trial Court, in the Michigan Court of Appeals, and in the Federal Courts.

20.     Defendants, the Honorable Mabel J. Mayfield C.J., the Honorable Dennis M. Wiley, the Honorable Alfred M. Butzbaugh, the Honorable John E. Dewane, the Honorable John M. Donahue Berrien County Circuit Court Judges and Defendant Berrien County Court, for the State of Michigan;

21.     Defendants from the MCOA, the Honorable James Robert Redford, the Honorable Mark T. Boonstra, The Honorable **David H. Sawyer, the** Honorable Joel P. Hoekstra, the Honorable Jane M. Beckering, the Honorable Williams B. Murrphy C.J. Michigan Court of Appeals Judges and Defendant Michigan Court of Appeals, **for the State of Michigan.**

22.     Defendants are named only in their official capacities. Defendants were acting and continue to act under color of state law which actions also violated both state and federal laws and or their official capacities in the deprivation of Plaintiff's constitutionally protected rights, or had retired but had acted under color of state law and or their official capacities in the deprivation of Plaintiff's constitutionally protected rights.   All Defendants Trial Judges and Defendant Berrien County Court, are hereinafter referred to collectively as "Trial Judge Mayfield", or "Trial Judge Wiley or "Trial Judge Butzbaugh", or "Trial Judge Dewane", or "Trial Judge Donahue", and or "Trial Judges".

10

23.     Further, All Defendants Appellate Court Judges and Defendant Michigan Court of Appeals, are hereinafter referred to collectively as "Appellate Judge Redford", or "Appellate Judge Boonstra", or "Appellate Judge Sawyer", or "Appellate Judge Hoekstra", or "Appellate Judge Beckering", or "Appellate Judge Murrphy C.J." and or "Appellate Judges".

24.     Berrien County Government and its Treasurer Bret Witskowski, currently are not named as Defendants at this time. Plaintiff is not seeking damages nor monetary interest. But, is seeking declaratory judgment(s) saying the Defendants violated Mr. Barnaby's constitutional rights and that the violation of Mr. Barnaby's constitutional rights "void Judgments-Orders".

## STATEMENTS OF FACTS

**Background Facts:**

25.     Mr. Barnaby is a husband, a father, an uncle, a brother, a son, a leader of his wider family and a small real-estate Investor, which investments proceeds was his and his immediate family's only livelihood.  The litigation in the State Court issue began on March 01, 2010 and the litigation in the Federal District Court began December 12, 2014. The last state court's ruling was on February 27, 2020 and the last federal court's ruling on January 08, 2020.

**The Honorable Judge Butzbaugh, see (Exhibits B, C, D, E)**

26.     On March 01, 2010, August 18, 2010 and July 06, 2012, on (Docket No. 2009-000200-CZB), Trial Judge Butzbaugh violated Plaintiff's constitutional rights pursuant to 42 U.S.C. §1983, Fourteenth Amendment and the Civil Right Act of 1866.  Trial Judge Butzbaugh aided and abetted Non-Lawyer Treasurer Witkowski to do Unauthorized Practice of Law{UPL} to procure "Judgment" against Plaintiff on August 18, 2010 without notice to Plaintiff,  which [all courts] to date have relied on it as either a, "valid Judgment " or a "voidable Judgment". But Judge Butzbaugh violation of Plaintiff's constitution rights pursuant to the 14th amendment cause him, to lack jurisdictions of the subject matter and the parties then, as he committed "fraud upon the court", when he granted Non-Lawyer Witkowski privileges to do [UPL], to procure the "Judgment", and lacked the inherent power to enter the August 18, 2010 "judgment" in violation of Plaintiff's constitutional rights, which "void the judgment", see MCL 600.916; MCL 450.681, (MCR 2.003 (B) (C).

27.     Trial Judge Butzbaugh actions not just violated: MCL 211.78a-l; MCL 600.916; MCL 450.681, (MCR 2.003 (B) (C) and (Michigan Code of Judicial Conduct, Canons 1-8). It

also violated Barnaby's constitutional rights and civil rights and due process rights pursuant to 42 U.S.C. §1983; Fourteenth Amendment, Civil Right Act of 1866 and Rowland v. Calif. Men's Colony, 506 U.S. 194, 201-203(1993).

28.     Again, the Michigan foreclosure law General Property Tax Act, P.A. 206 of 1893, amended (MCL 211.1 et seq.) ("GPTA") mandates that, the circuit court's hearing in the tax year of 2010 scheduled to be held, on March 01, 2010, before the circuit court by a licensed attorney (MCL 600.916 and MCL 450.681), followed by a final redemption period ending on March 31st of that year,  It was later amended to "a circuit court hearing in February, MCL 211.78a-l.

29.     Further, Core issue, Non-Lawyer Witskowski confessed to Trial Judge Butzbaugh aiding and abetting him in doing unauthorized practice of law. Then, Trial Judge Butzbaugh granted Appellee-Non-Lawyer Witskowski Judgment came from the same UPL, see Exhibits B, C and E.

```
16  Q.  So explain to me what law would permit you to conduct
17      a foreclosure proceeding when you're not an attorney?
25  A.  And the judge gave me the privilege of the opportunity
1       to represent the county.
2   Q.  As an attorney?
3   A.  I answered your question.
4   Q.  Okay.
```

30.     Additionally, Trial Judge Butzbaugh's July 06, 2012 judgment Exhibit C, reveals his Intent and confirms his guilty knowledge that, he knew his August 18, 2010 judgment is "void" which all other court inaccurately relied on as either a "valid judgment" or "voidable judgment", as he had (a) Lacked jurisdiction over the parties (b) Lacked jurisdiction over the subject matter, (c) Lacked inherent power to enter his August 18, 2010 Judgment. (d) That, his August 18, 2010 violated Barnaby's constitutional rights, and is fraud/fraud-upon-the-court.

## ORDER CORRECTING JUDGMENT

Pursuant to  MCR 2.612 (A)(1), **on my own initiative I order that clerical error in the Judgment for Foreclosure I entered on March 1, 2010,** be corrected by attaching thereto Amended schedule A referred to in subparagraph (a) of the judgment .

I further order that no later than July 13, 2012, the Berrien County Treasurer file Amended Scheduled A with the Clerk.

/S/ Alfred M. Butzbaugh
Alfred M. Butzbaugh /Chief Judge/ July 6, 2012

31.     Trial Judge Butzbaugh's July 06, 2012 judgment demonstrates his guilty knowledge, that, MCL 211.78a-l; MCL 600.916; MCL 450.681 mandate by logic, reasoning  and law, that, in the tax year of 2010, that the hearing by a licensed Michigan attorney must take place on March 01, 2010, in order for the August 18, 2010 judgment to be a valid judgment.

32.     Trial Judge Butzbaugh's July 06, 2012 judgment is material evidence of Judge Butzbaugh's intent and confirmed his guilty knowledge that, he knew his August 18, 2010 judgment is void, as he suppressed evidence and falsified the court record that the August 18, 2010, judgment was entered on March 1, 2010, which defrauded Plaintiff and favored Berrien County Government and its Treasurer Bret Witskowski.  **(3)** Judge Butzbaugh's July 06, 2012 judgment omitted the Significant material evidence that he wittingly aided and abetted Non-Lawyer Witkowski's to do [Unauthorized Practice of Law, MCL 600.916; MCL 450.681] and did not notice Barnaby so he could be present to defend his due process rights, yet entered on August 18, 2010 void judgment in favor Non-Lawyer Witkowsk, in violation of, (MCR 2.003 (B) (C) and (Michigan Code of Judicial Conduct, Canons 1-8), and in violation of Barnaby's constitutional rights pursuant to 42 U.S.C. §1983; Fourteenth Amendment, Civil Right Act of 1866

33.     The Michigan Code of Judicial Conduct Canons 1-8 and (MCR 2.003 (B); (C) are clear that, "A Judge Should Perform the Duties of Office Impartially and Diligently" and that, "A judge should raise the issue of disqualification whenever the judge has cause to believe that grounds for disqualification may exist under MCR 2.003(C)."   Non-Lawyer Witkowski's confession that, Trial Judge Butzbaugh, "And the judge gave me the privilege of the opportunity to represent the county.", in demonstration that, Trial Judge Butzbaugh did not Perform the Duties of Office Impartially and Diligently and was disqualified  per MCR 2.003(B); (C) to enter the August 18, 2010 judgment; as Judge Butzbaugh, and:  (1). lacked jurisdiction over the parties (2) lacked jurisdiction over the subject matter, (3)  lacked inherent power to enter particular order or judgment, (4), the Judgments were relied-on and procured by fraud/fraud-upon-the-court.  The same violated Barnaby's constitutional rights and civil rights and due process rights pursuant to 42 U.S.C. §1983; Fourteen Amendment Section I; Civil Right Act of 1866

34.     Pursuant to Michigan laws MCL 600.916; MCL 450.681 and the 14th amendment, Trial Judge Butzbaugh, Lacked the inherent power to grant Non-Lawyer Witkowski privilege to do [Unauthorized Practice of Law], and to violate Plaintiff's due process of law and equal protection of law. As such he lacked jurisdiction over the parties; lacked jurisdiction over the subject matter, when Trial Judge Butzbaugh granted Non-Lawyer Witkowski privileges to do [Unauthorized Practice of Law] and "void" Trial Judge Butzbaugh's August 18, 2010 Judgment. The 'State Bar of Michigan', is the only organization vested with privilege to give law license to individuals for the purpose of practicing law.

**1.**     Trial Judge Butzbaugh, lacked the inherent power to grant the Judgment on August 18, 2010, as the Michigan foreclosure law MCL 211.78a-l and the Michigan foreclosure law General Property Tax Act, P.A. 206 of 1893, amended (MCL 211.1 et seq.) ("GPTA")

15

mandates that, the circuit court's hearing in the tax year of 2010 scheduled to be held, on March 01, 2010, before the circuit court judge by a licensed attorney (MCL 600.916 and MCL 450.681), followed by a final redemption period ending on March 31st of that year, It was later amended to "a circuit court hearing in February, MCL 211.78a-l, see Exhibit A.

35.    Trial Judge Butzbaugh lacked the inherent power to <u>violate Barnaby's Due process of law and equal protection of law per the 14th Amendment,</u> when he granted Non-Lawyer Witkowski privilege to do [Unauthorized Practice of Law] and enter the Judgment on August 18, 2010 in violation of MCL 211.78a-l, [without Notice to Barnaby], the same cause him to lack jurisdiction over the parties and subject matter, and "void" his August 18, 2010.

1.    Judge Butzbaugh Lacked the Inherent Power to enter judgment because he could not have been neutral or impartial  and when he entered his August 18, 2010 he violated <u>Michigan Code of Judicial Conduct Canons 1-8),</u>  MCR 2003(C); and lacked jurisdiction over the parties; lacked jurisdiction subject matter; "void Judgments" Exhibit B, C.

36.    The fundamental doctrine of law that, a party to be affected by a personal judgment must have his day in court, and an opportunity to be heard. (Renaud v. Abbott, 116 US 277, 29 L Ed 629, 6 S Ct 1194).  Trial Judge Butzbaugh , Treasurer Witkowski and Attorney Elliot did not just contravene Michigan's Laws MCL 211.78a-l; MCL 600.916; MCL 450.681;  and Penal Code 750.217(c), and failed notice Barnaby of their March 01, 2010 hearing and to serve Barnaby a copy of the August 18, 2010 [void] judgment, see MCR 2.100 and Fed R. Civ. P.4. Instead Trial Judge Butzbaugh created and filed on July 06, 2012 distorted [order] both to mislead and make sure Barnaby would never find out that, he aided and abetted Non-Lawyer Witkowski, to do [unauthorized practice of Law and impersonate Attorney Elliott] and stole Barnaby's parcels, violating Barnaby's, "Due process of Law" and "Equal Protection of the

16

Laws. Barnaby discovered in September 2012, Foreclosure Judgment was entered August 18, 2010. Judge Butzbaugh, Attorney Elliott and Non-Lawyer Witkowski's conspiracy and concealment on March 01, 2010 that Non-Lawyer Witkowski did [unauthorized practice of Law and impersonated Attorney Elliott to procure August 18, 2010 Judgment, which defrauded and deprived Barnaby of opportunity to be heard, [void] the Judgment and violated Plaintiff's constitutional rights, pursuant to the Fourteenth Amendment.

37.    As the judgment was entered August 18, 2010, and not on or before March 01, 2010, and the stolen parcel was sold July 20, 2010 made the following statement inaccurate: (1). "If all forfeiture delinquent taxes, interest and fees penalties and fees foreclosed against the parcel is not paid to the County Treasurer within 21, days after the entry of this judgment if contested and, March 31, 2010 for all others". (2), Trial Judge Butzbaugh, omitted that, on March 01, 2010 Non-Lawyer Witkowski did [unauthorized practice of Law and impersonation] in the Berrien County Government Tax Foreclosure Hearing, made [void] August 18, 2010 Judgment. (3). Trial Judge Butzbaugh omitted that, Berrien County Attorney had abandoned his fiduciary duty to be present, "At a section of the said Court held in the City of St. Joseph State of Michigan on the 01 day of March, 2010. Present Honorable Alfred M. Butzbaugh, Trial Court Judge", made [void] the August 18, 2010 Judgment.  No notice given to Barnaby, he was defrauded and deprived of an opportunity to be heard, which prevented the State Court's proceedings from being, res judicata "decided on the merits" and collateral estoppel, "full and Fair Opportunity to Litigate" As such, Barnaby was robbed of his properties in violation of his constitutional rights, "Due process of Law" and "Equal Protection of the Laws. See, 14th Amendment, which make the August 18, 2010 Judgment [void**]. See Exhibit B).**

"A void judgment does not create any binding obligation. Kalb v. Feuerstein (1940) 308 US 433, 60 S Ct 343, 84 L ed 370; *Ex parte Rowland* (1882) 104 U.S. 604, 26 L.Ed.

A judgment rendered in violation of due process is void in the rendering State and is not entitled to full faith and credit elsewhere. Pennoyer v. Neff, 95 U.S. 714, 732-733 (1878)." [World-Wide Volkwagen Corp. v. Woodson, 444 U.S. 286 (1980)]   (Exhibits A-M)

Every person is entitled to an opportunity to be heard in a court of law upon every question involving his rights or interests, before he is affected by any judicial decision on the question. *Earle v McVeigh*, 91 US 503, 23 L Ed 398.

38.   Trial Judge Butzbaugh was [disqualified] from judging same case by both the State and Federal laws as his above actions and in actions; per 28 U.S.C. § 455(a), (b); MCR 2.003 (C) and Michigan Code of Judicial Conduct Canon 2.

MCR 2.003 (C) Grounds. (1) Disqualification of a judge is warranted for reasons that include, but are not limited to, the following:  (a) The judge is biased or prejudiced for or against a party or attorney. (b) The judge, based on objective and reasonable perceptions, has either (i) a serious risk of actual bias impacting the due process rights of a party as enunciated in Caperton v Massey, ____ US ____ ; 129 S Ct 2252; 173 L Ed 2d 1208 (2009), or (ii) has failed to adhere to the appearance of impropriety standard set forth in Canon 2 of the Michigan Code of Judicial Conduct.

When Trial Judge Butzbaugh shirked to "Perform the Duties of Office Impartially and Diligently A. Adjudicative Responsibilities: (1) A judge should be faithful to the law and maintain professional competence in it", per Michigan Code of Judicial conduct Canon 1, 2, 3. And (MCR 2.003 (C).  But, instead he [aided and abetted] Non-Lawyer Witskowski to do [unauthorized practice of law] and defrauded and deprived Barnaby of his properties without "Due process of Law" and "Equal Protection under the Laws. See, 14th Amendment disqualified Trial Judge Butzbaugh and caused him to : (1). lack jurisdiction over the parties (2) lack jurisdiction over the subject matter, (3)  lack inherent power to enter judgments, which void his August 18, 2010  Judgment, per Michigan Code of Judicial conduct Canon 1, 2, 3-8;  (MCR

2.003 (B); (C); 28 U.S.C. § 455(a), (b). United States Supreme Court observed that, "A fair trial

in a fair tribunal is a basic requirement of due process.[1]

> The U.S. Supreme Court in 1994 held that, "disqualification is required if an objective
> observer would entertain reasonable questions about the judge's impartiality. If a judge's
> attitude or state of mind leads a detached observer to conclude that a fair and impartial
> hearing is unlikely, the judge must be disqualified." [Emphasis added]. Liteky v. U.S.,
> 114 S.Ct. 1147, 1162 (1994); United States v. Sciuto, 521 F.2d 842, 845 (7th Cir. 1996)

> Further, the judge has a legal duty to disqualify himself even if there is no motion asking
> for his disqualification. The Seventh Circuit Court of Appeals further stated that "We
> think that this language [455(a)] imposes a duty on the judge to act sua sponte, even if no
> motion or affidavit is filed." Balistrieri, at 1202.

39.      Trial Judge Butzbaugh tainted the judicial machinery of the court, when he aided

and abetted Non-Lawyer Witkowski to do [Unauthorized practice of Law] to procure the August

18, 2010 void judgment, which resulted in 'Fraud upon the Court. Attorney Elliott, created

August 18, 2010 document, Non-Lawyer Witkowski did [unauthorized practice of Law and

impersonated Attorney Elliot in court, before Trial Judge Butzbaugh March 01, 2010 and Trial

Judge Butzbaugh signed and entered the judgment August 18, 2010, they all aided, abetted,

concealed it and defrauded Barnaby; Contravened Michigan Laws: MCR 2.003(B) (C); MCL

211.78a-l; MCL 600.916; MCL 450.681; and Penal Code 750.217(c) and the Fourteenth

Amendment.

40.      Yet, Trial Judge Butzbaugh refused to recuse himself, instead he filed distorted July

06, 2012 Judgment to cover up his 'Fraud upon the Court' which void the August 18, 2010

Judgment, (Exhibit C): Trial Judge Butzbaugh's July 06, 2012 judgment confirmed his guilty

knowledge that the August 18, 2010 judgment, is "void", as MCL 211.78a-l, mandate that the

---

[1] Caperton v. **A.T.** Massey Coal Co., **129 S.** Ct. **2252, 2259 (2009)** (quoting *In re* Murchison, 349 **U.S.**
**133, 136** *(1955)); see also infra* notes **193-232** and accompanying text for further discussion of *Caperton.*

hearing on before March 01, 2010. (2)  Trial Judge Butzbaugh's July 06, 2012 judgment is material evidence that Trial Judge Butzbaugh suppressed and or covered up the "Void" August 18, 2010, judgment. (3)  Trial  Judge Butzbaugh's July 06, 2012 judgment also demonstrates his guilty knowledge that he wittingly aided and abetted Non-Lawyer Witkowski's to do [Unauthorized Practice of Law] to procure the August 18, 2010 Void" judgment, without notice to Plaintiff in violation of his constitutional rights.

> "Fraud upon the court" makes void the orders and judgments of that court. The U.S. Supreme Court has consistently held that a void order is void at all times, does not have to be reversed or vacated by a judge, cannot be made valid by any judge, nor does it gain validity by the passage of time. The order is void ab initio. Vallely v. Northern Fire & Marine Ins. Co., 254 U.S. 348, 41 S.Ct. 116 (1920). "Fraud destroys the validity of everything into which it enters," Nudd v. Burrows (1875), 91 US 426,23 Led 286,290; particularly when "a judge himself is a party to the fraud," Cone v. Harris (Okl. 1924), 230 P. 721, 723. Windsor v. McVeigh (1876), 93 US 276, 23 Led 914, 918.

**The Honorable Judge Dewane, Exhibits F, G, H**

41.  Trial Judge Dewane took over the same case, (Docket No. 2009-000200-CZ) from Trial Judge Butzbaugh and made unconstitutional ruling against Barnaby on July 13, 23 2012, as well, **Exhibit F**. Trial Judge Dewane made judgments which in violation of Plaintiff constitutional rights pursuant to 42 U.S.C. §1983, Fourteenth Amendment and Civil Right Act of 1866.  In the same unconstitutional ruling against Barnaby, Trial Judge Dewane also Suppressed material evidence that, Trial Judge Butzbaugh aided and abetted Non-Lawyer Witkowski in doing [unauthorized practice of Law] to procure the August 18, 2010 judgment.  Trial Judge Dewane and Non-Lawyer Witkowski wittingly suppressed material evidence, in the case (Barnaby V. Blackwell). (Exhibits G, H). (Barnaby V. Blackwell) a Landlord tenant case, where Trial Judge Dewane was the trier of facts. Witkowski sent email/letter to the state court that he entered into verbal contract with Barnaby to redeem the 931 parcel.  Trial Judge Dewane in the

(Barnaby V. Blackwell) case, acknowledged receiving and reading same email/letter ruled in

Barnaby's favor. However, in the case (Non-Lawyer Witkowski V Barnaby) Judge Dewane and

Witkowski wittingly suppressed the same material evidence to the case, and found Barnaby did

not prove his breach of contract claim, (Exhibit F, H, G).

42.   Against, Trial Judge Dewane violated Plaintiff's constitutional rights finding that

because Barnaby was at 'Berrien County Government's and its Treasurer Bret Witskowski's

annual public auction which he was accustom to attend, he had notice. But, Trial Judge Dewane

again suppressed the evidence that it was the Court that first told Plaintiff years later that, Trial

Judge Butzbaugh aided and abetted Non-Lawyer Treasurer Witkowski to do UPL, without notice

to Plaintiff, which prove Plaintiff could not have been notice by, Trial Judge Butzbaugh and

Non-Lawyer Treasurer Witkowski of their UPL on March 1, 2010 to procured the August 18,

2018 Judgment against Plaintiff, see Exhibits F, G, H and K.  As such, Trial Judge Dewane's

actions, was and is an unconstitutional deprivation of Barnaby's 14th Amendment. Trial Judge

Dewane had knowledge of material evidence of the case, yet suppressed material evidence to the

case [wittingly] relied on August 18, 2010 Void Judgment and valid and violated Plaintiff's

constitutional rights caused Trial Judge Dewane's Judgments to be void, inclusive of July 13, 23,

2012 Judgments. (Vallely v. Northern Fire & Marine Ins. Co., 254 U.S. 348, 41 S.Ct. 116

(1920); Cone v. Harris (Okl. 1924), 230 P. 721, 723.

Trial Judge Dewane was not neutral, violated Plaintiff's Rights pursuant to the

Fourteenth Amendment, as such he lacked jurisdiction over the parties, lacked jurisdiction over

the subject matter, lacked the inherent power to entered his July 13, 23… 2012 Judgments, as he

wittingly suppressed the material evidence of Oral Contracts between the parties and his

knowledge of Trial Judge Butzbaugh's violated Barnaby's constitutional rights "void his

Judgments, which is an unconstitutional deprivation of Barnaby's Fourteenth Amendment to the United States Constitution not to be deprived of Life, Liberty, or Property without due process of law and to enjoy the equal protection of the laws of the State of Michigan, Exhibits F, G, H.

      1.    Trial Judge Dewane lacked the inherent power to enter judgment because he could not have been neutral or impartial  and when he entered his July 13, 23…2012 Judgments they violated <u>Michigan Code of Judicial Conduct Canons 1-8)</u>,  MCR 2003(C); judgments in favor of hostile, Berrien County Government and its Treasurer Bret Witskowski, knowingly that, Trial Judge Butzbaugh lacked the inherent power to enter the August 18,2010 judgment in <u>violations of  Plaintiff</u>'s Due process of law and equal protection of law per the 14th Amendment, when he granted Non-Lawyer Witkowski privilege to do [Unauthorized Practice of Law] MCL 600.916; MCL 450.681 and to enter the Judgment on August 18, 2010 in violation of MCL 211.78a-l, [without Notice to Plaintiff], Exhibits G, H.

**2.**    Judge Dewane lacked the inherent power to enter judgment because he could not have been neutral or impartial due to his prior knowledge; when he entered his July 13, 23…2012 Judgments in violations of Michigan Code of Judicial Conduct Canons 1-8), MCR 2003(C), as he wittingly suppressed the material evidence of the Oral Contracts between the parties in the case (Barnaby V. Blackwell), see Michigan Code of Judicial Conduct Canons 1-8). Judge Dewane was the trier of facts, when hostile Berrien County Government and its Treasurer Bret Witskowski sent email/letter to the state court that he entered into verbal contract with Barnaby to redeem the 931 parcel.  Judge Dewane then wittingly suppressed the material evidence of the Oral Contracts between the parties granted on July 13, 23…2012 Judgments to Non-Lawyer Witkowski. Judge Dewane's, Knowledge of Non-Lawyer Witkowski's; [Unauthorized Practice of Law], and the Oral Agreements existence between the parties cause Trial Judge Dewane to

lack jurisdiction over the parties; lack jurisdiction over the subject matter, and "Void" the July

13, 23...2012 Judgments, see MCR 2003(C).

Trial Judge Dewane confirmed he saw the email of significant material evidence that

Non-Laywer Witkowski sent to the Court testified that he entered into "Oral Agreement with

Plaintiff. Please see below. Exhibits F, G, H

    19    THE COURT:  I had an opportunity to review that case,
    20    for some reason I can't remember why, and I did see the email
    21    THE PLAINTIFF:  Okay. Thank you, your Honor.

    43.    Trial Judge Dewane was by law [disqualified] as he (1). Lacked jurisdiction over

the parties (2) lacked jurisdiction over the subject matter, (3) lacked inherent power to enter

particular order and judgment, because of his prior knowledge he had in the, (Barnaby V.

Blackwell Case). (Exhibit H) that the Oral contracts existed between the parties, he colluded with

Non-Lawyer Witkowski and suppressed it and then concluded that, Barnaby failed to prove that

the same Oral contract existed, which he was and is fully cognizant of.  As such, Trial Judge

Dewane shirked to "Perform the Duties of Office Impartially and Diligently A. Adjudicative

Responsibilities: (1) A judge should be faithful to the law and maintain professional competence

in it." Trial Judge Dewane lacked Jurisdiction to enter the judgement as he was disqualified, per

Michigan Code of Judicial conduct Canon 1, 2, 3-8. And (MCR 2.003 (C).  Further, Trial Judge

Dewane suppressed material evidence that, Non-Lawyer Witkowski's was aided and abetted by

Trial Judge Butzbaugh did [unauthorized practice of Law] to procure the August 18, 2010

judgment and had prior knowledge of the oral contract between the parties caused him to (1).

Lack jurisdiction over the parties (2) lack jurisdiction over the subject matter, (3) lack inherent

power to enter particular order and judgment lack jurisdiction over the parties and lack

jurisdiction over the subject matter. The same void his orders and Judgments, and violated

Michigan law and Barnaby's civil rights Pursuant to 28 U.S.C. § 455(a), (b); MCR 2.003 (C)

Michigan Code of Judicial Conduct Canons 1-8. Trial Judge Dewane's refusal to disqualify

(recuse) himself, also [void] all his judgments. Caperton v. A.T. Massey Coal Co., 129 S. Ct.

2252, 2259 (2009).

> MCR 2.003 (C) Grounds. (1) Disqualification of a judge is warranted for reasons that
> include, but are not limited to, the following: (a) The judge is biased or prejudiced for or
> against a party or attorney. (b) The judge, based on objective and reasonable perceptions,
> has either (i) a serious risk of actual bias impacting the due process rights of a party as
> enunciated in Caperton v Massey, US; 129 S Ct 2252; 173 L Ed 2d 1208 (2009), or (ii)
> has failed to adhere to the appearance of impropriety standard set forth in Canon 2 of the
> Michigan Code of Judicial Conduct.

44.     Trial Judge Dewane, tainted the judicial machinery of the court, when is

suppressed and cover-up that Trial Judge Butzbaugh aided and abetted Non-Lawyer Witkowski

to do [Unauthorized practice of Law] to procure judgment and relied on the August 18, 2010

void judgment, which resulted in 'Fraud upon the Court, (Exhibit G, H). Trial Judge Dewane

had knowledge that, on March 01, 2010 the Berrien County Trial Court's, Trial Judge Butzbaugh

in violation of (MCR 2.003 (B); (C) and Canons 1-8), wittingly [aided and abetted] Treasurer

Bret Witkowski who was never and is not an Attorney, to practice Law and represent a case in

his presence in the Berrien County Court and Witkowski wittingly did [unauthorized practice of

law], and committed contempt both upon the Berrien County Trial Court and the Michigan

Supreme Court, violated MCL 600.916; MCL 450.681; Penal Code Act 328 of 1931 Section

750.217(c) and the, General Property Tax Act, P.A. 206 of 1893, as amended (MCL 211.1 et

seq.), Rowland v. Calif. Men's Colony, 506 U.S. 194, 201-203 (1993); and violated Barnaby's

constitutional rights pursuant to the Fourteenth Amendment.

45.     Trial Judge Dewane and 'Berrien County Government and its Treasurer Bret

Witskowski suppressed the "Oral Contracts" between the parties, and then, corruptly ruled that

Plaintiff did not prove Oral Contracts existed between the parties and made Trial Judge

Butzbaugh's August 18, 2010 Void Judgment procured by UPL and in violation of MCL

211.78a-l; MCL 600.916; MCL 450.681, (MCR 2.003 (B) (C) and (Michigan Code of Judicial

Conduct, Canons 1-8), and Appellant's due process and equal protection of law under the fourth

amendment and civil right act of 1866, see Exhibits G, H.

46.     Trial Judge Dewane  wittingly suppression and cover-up  evidence of the Oral

Contract between the parties, and Trial Judge Butzbaugh's violations of Barnaby's constitutional

rights, tainted the court's judicial machinery and cause "fraud upon the court", and further

violated Plaintiff's constitutional rights.


**The Honorable Judge Donahue**

47.     Trial Judge Donahue was informed of Trial Judge Butzbaugh and Trial Judge

Dewne violations of Barnaby's constitutional rights pursuant to (Docket No. 2009-000200-CZ).

Yet, Trial Judge Donahue continues the bias precedence of his Trial Judges colleagues not to be

neutral and too violated Barnaby's constitutional rights. Trial Judge Donahue was fully inform in

truth and in fact, that 'Berrien County Government and its Treasurer Bret Witskowski' owed

Plaintiff $36,550.00 time three for theft a total of ($109, 650,00) as they stole Plaintiff parcel

which proceedings Plaintiff intended to use to pay his other properties taxes, or  Trial Judge

Donahue  could made order just to apply it to Plaintiff's other properties taxes . Treasurer

Witkowski later threatened Plaintiff if he sought relief for the $36,550.00-($109, 650, 00), he

warrants; Plaintiff would see to it that Plaintiff lose all his other parcels. Surely, as he threatened

Witkowski later razed with tractor and sold the other parcels and stated at his Deposition hearing

that, Plaintiff "got what he is [due]". Furthermore, February of 2013, Trial Judge Donahue made

judgment in favor of Berrien County Government and its Treasurer Bret Witskowski' and

against Plaintiff, which further violated Plaintiff's constitutional rights pursuant to 42 U.SA.

§1983; Fourteen Amendment; Civil Right Act of 1866.

48.    Trial Judge Donahue action when further than his unconstitutional judgment

against Mr. Barnaby, but also humiliated him.  Barnaby shared with, 'Michigan Court Of

Appeals', that the consistent unconscionable rulings of the Berrien County Trial Court against

Barnaby and his family have caused them and their small children to be indigent and also fearful

of what next is to come their way! Barnaby and his family have lost all there investment

properties, their home, their pots, pans, children clothes, toys, as a direct result and cause in fact

of the unconstitutional unjust rulings and deprivation of their due process rights by Trial Judges'

unconstitutional Judgments and Orders against Plaintiff  from 2010- 2020.[2]

1)  Trial Judge John M. Donahue Called Barnaby wife a squatter![3]

2) Trial Judge John M. Donahue calling the Appellant personal belongings crap[4]

3) Trial Judge John M. Donahue, stated on the record that he does not care[5]

4) Trial Judge John M. Donahue, minimizing the Appellants and their children personal

items, per their affidavits![6]

5) Trial Judge John M. Donahue called the unconscionable writ signed on Valentine Day;

a happy Valentine Day gift. Summary Disposition hearing on October 15 2013 p. 28,

Line 13

---

[2] Appellants Affidavits

[3] summary Disposition hearing on October 15 2013 p. 24 and 25

[4] Bench Trial Transcript p.70 Line 2,3

[5] Motion on April 15, 2013, p. 5

[6] Bench Trial Transcript p.70 Line 2,3

**The Honorable Judge Wiley,**

49.    Trial Judge Wiley took over the same case (Docket No. 2009-000200-CZ) from Trial Judge Dewane and made unconstitutional Orders and Opinions  against Barnaby on December 31, 2019, and October 28, 2019, and violated Barnaby's constitutional rights pursuant to 42 U.S.C. §1983; Fourteen Amendment; Civil Right Act of 1866.

50.    Trial Judge Wiley's Orders and Opinions demonstrates, he knew that on March 01, 2010 the Trial Judge Butzbaugh aided and abetted Non-Lawyer Treasurer Witkowski to do Unauthorized Practice of Law {UPL} to procure "Judgment" on August 18, 2010 without notice to Plaintiff, and that Judge Butzbaugh violation of Plaintiff's constitution rights per the 14th amendment. Yet, Trial Judge Wiley was unwilling to correct the wrong the constitutional violations of Plaintiff's civil rights, is an unconstitutional deprivation of Barnaby's Fourteenth Amendment to the United States Constitution not to be deprived of Life, Liberty, or Property without due process of law and to enjoy the equal protection of the laws of the State of Michigan, see Exhibit L.

51.    In addition, Trial Judge Wiley's Orders and Opinions demonstrates, he knew that on July 13, 23 2010 Trial Judge Dewane  violated Plaintiff's due process and equal protection of law under the fourth amendment and civil rights acts.  As Trial Judge Dewane and 'Berrien County Government and its Treasurer Bret Witskowski suppressed the "Oral Contracts" between the parties, and then, corruptly ruled that Plaintiff did not prove Oral Contracts existed between the parties and made Judge Butzbaugh's August 18, 2010 Void Judgment procured by UPL and in violation of MCL 211.78a-l; MCL 600.916; MCL 450.681, (MCR 2.003 (B) (C) and (Michigan Code of Judicial Conduct, Canons 1-8), and Plaintiff's due process and equal protection of law under the fourth amendment and civil rights.  Yet, again, Trial Judge Wiley

27

was unwilling to correct the wrong is an unconstitutional deprivation of Barnaby's Fourteenth

Amendment to the United States Constitution not to be deprived of Life, Liberty, or Property

without due process of law and to enjoy the equal protection of the laws of the State of

Michigan, see Exhibit L.

52.    Trial Judge Wiley, cover-up that, Trial Judge Butzbaugh and Trial Judge Dewane,

violated Plaintiff's due process and equal protection of law, pursuant to the fourth amendment

and civil rights acts, Trial Judge Wiley called that unconstitutional judgments and actions against

Plaintiff voidable judgments instead of void Judgment.  As such Trial Judge Wiley Opinions and

Orders are unconstitutional because: 1) They relied on Trial Judge Butzbaugh, Trial Judge

Dewane and Trial Judge Donahue unconstitutional judgments-orders against Plaintiff, deprived

Plaintiff of liberty and property in violation of the 14th Amendment, and his constitutional right

to due process of law.  2)  Trial Judge Wiley's Opinions and Orders themselves are also

unconstitutional because they deprived Plaintiff of liberty and property in violation of the 14th

Amendment, and his constitutional right to due process of law as well.


**The Honorable Mayfield C.J.**

53.    The Trial judge Mayfield is the current Chief Judge of Berrien County Trial

Court.  As such Trial Judge Mayfield is the highest ranking judicial officer of the Berrien County

Trial Court, with supervisory authority.  The Honorable Chief Judge Mayfield, is violating Mr.

Barnaby's constitutional rights by shirking the Court's supervisory authority to corrected

unconstitutional Judgments and Orders on the, 'Berrien County Trial Court', record against

Plaintiff, which is an unconstitutional deprivation of Barnaby's Fourteenth Amendment to the

United States Constitution not to be deprived of Life, Liberty, or Property without due process of law and to enjoy the equal protection of the laws of the State of Michigan. , Exhibits B, C, F, L.

54.    Additionally, these unconstitutional void Judgments-Orders are the proximate cause of, our son Matthew's untimely death, Harm/Damages–Mr. Barnaby to lose all his properties, hardship of pain and suffering untimely death[7] of our son Matthew.  As such, Plaintiff is entitled to a declaratory judgment as Trial Judges violated Mr. Barnaby's constitutional rights.

**MCOA, the Honorable Judge Sawyer <u>Case No. 311727</u>  (Exhibit I)**

55.    August of 2012, Plaintiff filed Appeal by right, in the 'Michigan Appellate Court', within 21 day time line, per his due process rights pursuant to 14th amendment, it was dismissed for lack of jurisdiction.  The Honorable Judge Sawyer was the first MCOA Appellate Judge to have discovered that, the "Trial Judges", violated Mr. Barnaby's constitutional rights.

---

[7] Special note to the Court:    Son Matthew's death and minor child losing confidence in the judicial system.

My wife and I have made a decision years ago to invest all that we have in Berrien County real-estate. Our investment was not just for our livelihood, but to care for our aging parents and the future of our children's education. Example, our son Matthew who during his time in high school would work with us to rehab the properties which are now stolen from us by the Appellees' fraud upon the court, misrepresentations-concealments- perjures 18 U.S.C. §1621, and void judgments and orders. Matthew was Appellees latest victim, he was on his way to school and was killed in a motorcycle accident on August 30, 2018.  Your Honor, our son wanted to become a 'Neurosurgeon', and was killed on his was to school riding his motorcycle. Matthew, then purchased a motorbike after his old car stop working and all my unfulfilled promises to him that as soon as we received from the court the money for properties which were stolen from us; we would purchase him a reliable car.

One day, our minor Daughter asked me a question, dad, who are those judges that continues to rule against us. On another day I overheard our daughter playing with her friend, and her friends asked her to play the role of a Judge, which she refused to play.  After she finished playing with her friends we asked her, why did you refuse to play the role of the judge? Her response was 'sobering,' "I do not want to play the role of any judge because they take away our properties and make our lives difficult."  This was before the death of her brother. Your Honor, one reasons I keep coming back to the Courts for justice; is not just my financial obligations to my family, but also  an example to my Daughter that there are still fair judges in our judicial system, but as this Your Honorable Court knows, it takes a village  to raise a child.

But Appellate Judge Sawyer was unwilling and failed to correct "Trial Judges", violations of Plaintiff's constitutional rights, see Exhibit I.

56.    Appellate Judge Sawyer abandonment of his required duty to correct the Trial Judges' violations of Plaintiff's constitutional rights pursuant to the Fourteenth Amendment and denied Plaintiff's, 'Appeal by Rights', which is the linchpin for Plaintiff's, future 'Applications For Leave to Appeals' denials. "As the decision utterly ignoring constitutional requirements of due process of law is reminiscent of a perspective where facts do not matter but alternative facts do, where the constitution does not matter and where the rule of law is set aside and replaced by the rule of subjective, fact-free decision-making." The facts dictates that the core of Appellate Judge Sawyer decision predicated on "Trial Judges", Judgments, which violated Mr. Barnaby's constitutional rights. Entitled, Plaintiff to declaratory judgment, as Appellate Judge Sawyer's Order violated Barnaby's constitutional due process rights pursuant to 14th amendment. As such the Appellate Judges', unwillingness and failure to correct Trial Judges violations of Mr. Barnaby's constitutional rights, is an unconstitutional deprivation of Barnaby's Fourteenth Amendment to the United States Constitution not to be deprived of Life, Liberty, or Property without due process of law and to enjoy the equal protection of the laws of the State of Michigan.

**MCOA, Hon. Judge Murrphy C.J.; Hon. Judge Hoekstra; Hon. Judge Beckering <u>Case No. 314716-7</u> (Exhibit J)**

57.    Simply put, the MCOA, Appellate Judges' Orders (Exhibit J), which predicated on the Trail Judges' Appellate Judge Sawyer's Judgements (Exhibits B, C, F I),  which violated Plaintiff's constitutional rights, denied  the 'Application For Leave to Appeal'. Plaintiff, had to appeal by, 'Delayed Application For Leave to Appeal', as his constitutional rights and civil

rights and due process rights pursuant to 42 U.S.C. §1983; Fourteen Amendment; Civil Right

Act of 1866 was violated by the Trail Judges' Judgements (Exhibits B, C, F).  As such the

Appellate Judges', unwillingness and failure to correct the Trial Judges' and Appellate Judge

Sawyer's violations of Mr. Barnaby's constitutional rights denied Plaintiff; a timely filed Appeal

by Right and 'Delayed Application For Leave to Appeal', claiming lack of merit; is an

unconstitutional deprivation of Barnaby's Fourteenth Amendment to the United States

Constitution not to be deprived of Life, Liberty, or Property without due process of law and to

enjoy the equal protection of the laws of the State of Michigan.


**The Federal Courts (Exhibit K).**

58.     While Plaintiff was harm by 'Berrien County Government and its Treasurer Bret

Witskowski, Trial Judges and Appellate Judges, unconstitutional Judgments-Orders against

Plaintiff.  The Federal Sixth Circuit Appellate Court was able to partially held 'Berrien County

Government and its Treasurer Bret Witskowski', accountable by denied them privilege to further

harm Plaintiff by wrongfully applying "Rooker-Feldman Doctrine", see (Exhibit K).

59.     But, hostile 'Berrien County Government and its Treasurer Bret Witskowski',

were barred from full accountabilities as their harm to Plaintiff interwoven into Trial Judges''

and the Appellate Judges' volitions of Plaintiff's constitutional rights, see Exhibit K.  likewise,

Plaintiff is entitled to declaratory judgment(s) to stop Defendants Trial Judges, Defendant

Berrien County Trial Court, Appellate Judges and Defendant Michigan Court Of Appeals, from

further harming Mr. Barnaby by violating Plaintiff's constitutional rights and civil rights

pursuant to 42 U.S.C. §1983,  the 14th amendment.  As Defendants are unwilling to correct their

wrong which had violated and is continuing to violate Mr. Barnaby's constitutional rights, which

is an unconstitutional deprivation of Barnaby's Fourteenth Amendment to the United States

Constitution not to be deprived of Life, Liberty, or Property without due process of law and to

enjoy the equal protection of the laws of the State of Michigan.

60.     As such, judicial notice of the federal Court and the Michigan Courts decision in

the form of either judicial comity or full faith and credit, as matter of logic, reasoning and law

cannot be lawfully claim by Defendants in this present civil right case, because State Courts'

judgments and orders violated Plaintiff's constitutional rights and civil rights pursuant to 42

U.S.C. §1983 and the 14th amendment.  Plaintiff is entitled to declaratory judgment, as both

Trial Judges and Appellate Judges judgments-orders violated Barnaby's constitutional rights and

civil rights pursuant to 42 U.S.C. §1983 and the Fourteen Amendment.

**MCOA, Hon. Judge Boonstra; Hon. Judge Beckering; Hon. Judge Redford <u>Case No.</u>
<u>351723</u> (Exhibit M, N)**

61.     Lastly, on January 17, 2020, the MCOA, Appellate Judges' Order (Case No.

351723, Exhibit M), which is predicated on the Trail Judges' and Appellate Judges' Void

Judgments-Orders (Exhibits B, C, E, F, I, J, and L), which violated Plaintiff's constitutional

rights pursuant to 42 U.S.C. §1983, Fourteenth Amendment. Notwithstanding the other

Defendants violated Barnaby's constitutional rights, Appellate Judge Beckering, Appellate Judge

Redford, and Appellate Judge Boonstra, abandoned their requires duties to correct Mr. Barnaby's

Constitution Rights violations, by the other Defendants, by denied  Plaintiff's, 'Appeal By Right'

and or 'Application For Leave to Appeal', which further violated Plaintiff's constitutional rights,

and is also an unconstitutional deprivation of Barnaby's Fourteenth Amendment to the United

States Constitution not to be deprived of Life, Liberty, or Property without due process of law

and to enjoy the equal protection of the laws of the State of Michigan.

**Count One as to Trial Judges and Appellate Judges**
**(Due Process Violation of the Fourteenth Amendment to the United States Constitution set forth herein.**

62.     Plaintiff hereby incorporates paragraphs 1 through 61 above as if fully set forth herein. The undeniable truth is Mr. Barnaby's constitutional rights has been violated, by each and every Defendants, Trial Judges, Berrien County Trial Court, Appellate Judges, and Michigan Court Of Appeals.  The violations of Mr. Barnaby's constitutional rights Commenced on March 01, 2010 to present, Exhibits B, C, E, F, L, M.   As on March 01, 2010 Trial Judge Butzbaugh aided and abetted Non-Lawyer Treasurer Witkowski to do Unauthorized Practice of Law {UPL} to procure "Void Judgment on August 18, 2010 (without notice to Barnaby) which violated Barnaby's constitution rights per the 14th amendment; which all other Trial Judges and Appellate Judges, Judgments and Orders predicated on, sustained by and or their linchpin, see Exhibits B, C, D, E.

Again, that Trial Judge Dewane and 'Berrien County Government and its Treasurer Bret Witskowski wittingly suppressed the "Oral Contracts" material evidence between the parties, and then, corruptly ruled that Plaintiff did not prove Oral Contracts existed between the parties. Then, unconstitutional ruled against Plaintiff on false pretense as if Trial Judge Butzbaugh's August 18, 2010 Void Judgment procured by UPL and lack of notice to plaintiff was and is a valid judgment.  Furthermore, Trial Judge Dewane violated Plaintiff's constitutional rights finding that because Barnaby was at 'Berrien County Government's and its Treasurer Bret Witskowski's annual public auction which he was accustom to attend, he had notice. But, Trial Judge Dewane again suppressed the evidence that it was the Court that first told Plaintiff years later that, Trial Judge Butzbaugh aided and abetted Non-Lawyer Treasurer Witkowski to do UPL, without notice to Plaintiff, which prove Plaintiff could not have been notice by, Trial Judge

33

Butzbaugh and Non-Lawyer Treasurer Witkowski of their UPL on March 1, 2010 to procured the August 18, 2018 Judgment against Plaintiff, see Exhibits F, G, H and K.  Clearly, Trial Judge Dewane's actions, was and is an unconstitutional deprivation of Barnaby's 14th Amendment.

Both Trial Judges' and Appellate Judges' Judgments-Orders are unconstitutional in that they: (1) simply put, they violated Mr. Barnaby's constitutional rights; (2) they fail to provide Mr. Barnaby with procedural due process prior to taking away his liberty and property; (3) they fail to provide Mr. Barnaby with any procedural safeguards, including but not limited to, a means to have the trial court's decisions reviewed in a timely manner; and (4) fail to provide Mr. Barnaby with any post-deprivation rights of direct appeal to remove the void judgments-orders, but constantly denied Barnaby's his constitutional rights to have appeal by rights and at the very lease to grant application for leave to Appeal, is an unconstitutional deprivation of Barnaby's Fourteenth Amendment to the United States Constitution not to be deprived of Life, Liberty, or Property without due process of law and to enjoy the equal protection of the laws of the State of Michigan.   As such The Defendants are barred from claiming Full Faith and Credit to their judgments-order as they all violated Mr. Barnaby's due process, entitled Barnaby to declaratory Judgment.

The Defendants' acts through Trial Judges and Appellate Judges [not] to notice Plaintiff to be present at the March 1, 2010 hearing to defend his constitutional rights, and Trial Judge Butzbaugh aided and abetted Non-Lawyer Treasurer Witkowski to do Unauthorized Practice of Law {UPL} to procure "Void Judgment and wittingly concealed it from Mr. Barnaby, **(Exhibits B, C),** and refusing Mr. Barnaby an appeal by his constitutional rights, **(Exhibit I),** to rescind the judgment constitute violations of Mr. Barnaby's rights

pursuant to the Fourteenth Amendment to the United States Constitution not to be deprived of

Life, Liberty, or Property without due process of law and to enjoy the equal protection of the

laws of the State of Michigan.

### Count Two as to Trial Judges and Appellate Judges
### (Declaratory Judgment)

63.     Plaintiff hereby incorporates paragraphs 1 through 62 above as if fully set

forth herein. The above facts demonstrate that Defendants have acted in violations of Mr.

Barnaby's constitutional rights pursuant to the Fourteenth Amendment to the Constitution.

Mr. Barnaby is entitled to declaratory judgment holding that Defendants' actions

(not to notice Plaintiff) to be present at the March 1, 2010 hearing and knowledge  that

Barnaby was not there to defend his constitutional rights, and Trial Judge Butzbaugh aided

and abetted Non-Lawyer Treasurer Witkowski to do Unauthorized Practice of Law {UPL} to

procure "Void Judgment and wittingly concealed it from Mr. Barnaby, (Exhibits B, C), and

refusing Mr. Barnaby an appeal by his constitutional rights, (Exhibits I, J, M, N), to rescind

the judgments-orders is an unconstitutional deprivation of Barnaby's Fourteenth Amendment

to the United States Constitution not to be deprived of Life, Liberty, or Property without due

process of law and to enjoy the equal protection of the laws of the State of Michigan.

### Count Three as to Trial Judges and Appellate Judges
### (Declaratory Judgment)

64.     Plaintiff hereby incorporates paragraphs 1 through 63 above as if fully set

forth herein. The above facts demonstrate the Defendants have acted in violation of Mr.

Barnaby's constitutional rights when Trial Judge Butzbaugh aided and abetted Non-Lawyer

Treasurer Witkowski to do Unauthorized Practice of Law {UPL} to procure "Void Judgment

without notice to Plaintiff and wittingly concealed it from Mr. Barnaby, and all other Trial

Judges and all Appellate Judges were unwilling to correct, but only to suppressed and cover-

up, Trial Judge butzbaugh's violations of Barnaby's constitutional rights; is an

unconstitutional deprivation of Barnaby's Fourteenth Amendment to the United States

Constitution not to be deprived of Life, Liberty, or Property without due process of law and to

enjoy the equal protection of the laws of the State of Michigan.

Further, Mr. Barnaby is entitled to a declaratory judgment holding that Defendants

volitions of the laws of the State of Michigan, (MCL 600.916; MCL 450.681) and United

States Supreme Court's Rowland v. Calif. Men's Colony, 506 U.S. 194, 201-203(1993),

precedent which prohibits Unauthorized Practice of Law {UPL}. And, as Michigan

foreclosure law General Property Tax Act, P.A. 206 of 1893, amended (MCL 211.1 et seq.)

("GPTA") mandates that, the circuit court's hearing in the tax year of 2010 scheduled to be

held, on March 01, 2010, before the circuit court by a licensed attorney (MCL 600.916 and

MCL 450.681), followed by a final redemption period ending on March 31st of that year, It

was later amended to "a circuit court hearing in February, MCL 211.78a-l, Exhibits A. And,

also violated Barnaby's constitutional rights, is an unconstitutional deprivation of Barnaby's

Fourteenth Amendment to the United States Constitution not to be deprived of Life, Liberty,

or Property without due process of law and to enjoy the equal protection of the laws of the

State of Michigan, (Exhibits A, G, H and K).

> Michigan law prohibits the unauthorized practice of law by individuals. MCL
> 600.916. Moreover, MCL 450.681 specifically enjoins corporations from practicing
> law without a license. The statutes, in pertinent part provides: Sec. 916. (1) A person
> shall not practice law or engage in the law business, shall not in any manner
> whatsoever lead others to believe that he or she is authorized to practice law or to
> engage in the law business, and shall not in any manner whatsoever represent or

designate himself or herself as an attorney and counselor, attorney at law, or lawyer, unless the person is regularly licensed and authorized to practice law in this state. **A person who violates this section is guilty of contempt of the Supreme Court and of the circuit court of the county in which the violation occurred…"**

It has been the law for the better part of two centuries . . . that a corporation may appear in the federal courts only through licensed counsel. Osborn v. President of Bank of United States, 9 Wheat. 738, 829, 6 L.Ed. 204 (1824); see Turner v. American Bar Assn., 407 F.Supp. 451, 476 (ND Tex. 1975) (citing the "long line of cases" from 1824 to the present holding that a corporation may only be represented by licensed counsel), affirmance order sub nom. Taylor v. Montgomery, 539 F.2d 715 (Table) (CA7 1976), and aff'd sub nom. Pilla v. American Bar Assn., 542 F.2d 56 (CA8 1976)…. [Rowland v. Calif. Men's Colony, 506 U.S. 194, 201-203 (1993)]

### Count Four as to Trial Judges and Appellate Judges
### (Declaratory Judgment)

65.     Mr. Barnaby hereby incorporates paragraphs 1 through 64 above as if fully set forth herein

The above facts demonstrate Defendants have acted in violations of Mr. Barnaby's constitutional rights when Trial Judge Dewane corruptly colluded with 'Berrien County Government and its Treasurer Bret Witskowski to suppressed the "Oral Contracts" between the parties, (Exhibit H), and then, corruptly ruled that Mr. Barnaby did not prove Oral Contracts existed between the parties. Then made Judge Butzbaugh's August 18, 2010 "Void-Judgment", a "valid Judgment", which was procured by UPL and in violation of MCL 211.78a-l; MCL 600.916; MCL 450.681, (MCR 2.003 (B) (C) and (Michigan Code of Judicial Conduct, Canons 1-8), and by  failure notice Plaintiff in violations of Plaintiff's due process law and equal protection of law under the fourth amendment, Act of 1871, 42 U.S.C. § 1983 and the civil right act of 1866, see Exhibits F, G, H.  The "Trial Judges" and "Appellate Judges", Judgments and Orders predicated on, and continue to depend on the same, and or their linchpin. As such, Defendants' unwillingness to correct their violations of Barnaby's constitutional rights, is an

unconstitutional deprivation of Barnaby's Fourteenth Amendment to the United States

Constitution not to be deprived of Life, Liberty, or Property without due process of law and to

enjoy the equal protection of the laws of the State of Michigan, (Exhibit K).

### Count Five as to Trial Judges and Appellate Judges
### (Declaratory Judgment)

66.     Mr. Barnaby hereby incorporates paragraphs 1 through 65 above as if fully
set forth herein

The above facts demonstrate the Trial Judge Butzbaugh and Trail Judge Dewane

actions and inaction (disqualified) them from presided over the case as they were not neutral

but bias and violated Mr. Barnaby's constitutional rights pursuant to Fourteen Amendment.

As such prohibit Defendants from claiming the Full Faith and Credit Clause found in Article

IV, § 1 of the United States Constitution.

Mr. Barnaby entitled to declaratory judgment as both Defendants Trial Judge Butzbaugh

and Trail Judge Dewane Judge actions and inactions disqualified them from presiding over the

case as they were disqualified per both state and federal laws as they were not neutral but bias

towards Plaintiff, pursuant to 28 U.S.C. § 455(a), (b); MCR 2.003 (C) and Michigan Code of

Judicial Conduct Canon 2.

> MCR 2.003 (C) Grounds. (1) Disqualification of a judge is warranted for reasons that
> include, but are not limited to, the following:  (a) The judge is biased or prejudiced for or
> against a party or attorney. (b) The judge, based on objective and reasonable perceptions,
> has either (i) a serious risk of actual bias impacting the due process rights of a party as
> enunciated in Caperton v Massey, _____US_____; 129 S Ct 2252; 173 L Ed 2d 1208
> (2009), or (ii) has failed to adhere to the appearance of impropriety standard set forth in
> Canon 2 of the Michigan Code of Judicial Conduct. **(Exs, A1; A3; A17, A18-A22)**

Clearly, they were disqualified, failure to recused themselves made void Trial Judges

and Appellate judges Judgments and Orders, pursuant to 28 U.S.C. § 455(a), (b); MCR 2.003

(B), (C) and Michigan Code of Judicial Conduct Canon 2 and violated Barnaby's constitutional rights. Trial Judge Butzbaugh and Trail Judge Dewane Judge refusal to disqualify themselves, prevented State Court's proceedings from being, res judicata "decided on the merits" and collateral estoppel, "full and fair opportunity to litigate", which defrauded and deprived Barnaby of his properties without "Due process of Law" and "Equal Protection under the Laws. See, 14th Amendment Section I. United States Supreme Court observed that, "A fair trial in a fair tribunal is a basic requirement of due process.[8] Caperton v. A.T. Massey Coal Co., 129 S. Ct. 2252, 2259 (2009). Barnaby did not get an opportunity to be heard, the hearing, was done in secrecy among Trial Judge Butzbaugh Berrien County Government and its Treasurer Bret Witskowski, is an unconstitutional deprivation of Barnaby's Fourteenth Amendment to the United States Constitution not to be deprived of Life, Liberty, or Property without due process of law and to enjoy the equal protection of the laws of the State of Michigan, (Exhibit K).

> The U.S. Supreme Court in 1994 held that, "disqualification is required if an objective observer would entertain reasonable questions about the judge's impartiality. If a judge's attitude or state of mind leads a detached observer to conclude that a fair and impartial hearing is unlikely, the judge must be disqualified." [Emphasis added]. Liteky v. U.S., 114 S.Ct. 1147, 1162 (1994); United States v. Sciuto, 521 F.2d 842, 845 (7th Cir. 1996)

> Further, the judge has a legal duty to disqualify himself even if there is no motion asking for his disqualification. The Seventh Circuit Court of Appeals further stated that "We think that this language [455(a)] imposes a duty on the judge to act sua sponte, even if no motion or affidavit is filed." Balistrieri, at 1202.

> Michigan's law states, MCR 2.003, (B)- "Who May Raise Recusal . A party may raise

the issue of a judge's disqualification by motion or the judge may raise it". Further, Plaintiff learnt of [Nonlawyer] Witskowski's unauthorized [p]ractice of law; years after it happen, more

---

[8] Caperton v. **A.T.** Massey Coal Co., **129 S.** Ct. **2252, 2259 (2009)** (quoting *In re* Murchison, 349 **U.S. 133, 136 *(1955)); see also infra* notes 193-232** and accompanying text for further discussion of *Caperton.*

recently learnt that, Judge Butzbaugh was president of State Bar of Michigan and that, Michigan law prohibits the unauthorized practice of law by individuals. MCL 600.916. Moreover, MCL 450.681 specifically enjoins corporations from practicing law without a license. However, the Trial Judge Butzbaugh and Trial Judge Dewane knew from the onset, wittingly committed fraud-upon-the-courts. Witskowski testified in federal deposition that, judge Butzbaugh gave him privilege as [Nonlawyer] for unauthorized [p]ractice of law Exhibit E). So Plaintiff could not raise disqualification motion per MCR 2.003, (B), as such the Trial Judges should and the Appellate Judges should not denied Plaintiff's his constitutional right to an Appeal.

Furthermore, at the July 28, 2012 evidentiary- hearing-Witkowski repeatedly lied before Trial Judge Dewane that, judgment was entered on March 01, 2010 and omitted, he engaged in unauthorized [p]ractice of law to procure void judgment Exhibit E. On July 06, 2012  Trial Judge Butzbaugh made a distorted Order which omitted that, he audited and abetted [Nonlawyer] Witkowski to do unauthorized [p]ractice of law to procure against Plaintiff August 18, 2010 void judgment and lied that, it was entered on March 01, 2010, and omitted that Barnaby was not given notice to his due process hearing that Trial Judge Butzgaugh was intending and aiding and abetting [Nonlawyer] Witkowski to do [Unauthorized [P]ractice of Law] to procure judgment against Plaintiff on March 01, 2010.

Furthermore, that Trial Judge Dewane and 'Berrien County Government and its Treasurer Bret Witskowski wittingly suppressed the "Oral Contracts" between the parties, and then, corruptly ruled that Plaintiff did not prove Oral Contracts existed between the parties and on false pretense made Judge Butzbaugh's August 18, 2010 Void Judgment procured by UPL and violated Plaintiff's constitutional rights. As such both Judge Dewane's and Judge Butzbaugh's

biases, personal knowledge among other misconducts, disqualified them as tier of facts, and or to

enter the same judgments-orders pursuant to MCR 2.003(C) and the Fourteenth amendment.

(1) Disqualification of a judge is warranted for reasons that include, but are not limited
to, the following:

(a) The judge is biased or prejudiced for or against a party or attorney.

(b) The judge, based on objective and reasonable perceptions, has either (i) a serious risk
of actual bias impacting the due process rights of a party as enunciated in *Caperton v
Massey*, [556 US 868]; 129 S Ct 2252; 173 L Ed 2d 1208 (2009), or (ii) has failed to
adhere to the appearance of impropriety standard set forth in Canon 2 of the Michigan
Code of Judicial Conduct.

(c) The judge has personal knowledge of disputed evidentiary facts concerning the
proceeding.

(g) The judge… (iv) is to the judge's knowledge likely to be a material witness in the
proceeding.

The U.S. Supreme Court in 1994 held that, "disqualification is required if an objective
observer would entertain reasonable questions about the judge's impartiality. If a judge's
attitude or state of mind leads a detached observer to conclude that a fair and impartial
hearing is unlikely, the judge must be disqualified." [Emphasis added]. Liteky v. U.S.,
114 S.Ct. 1147, 1162 (1994); United States v. Sciuto, 521 F.2d 842, 845 (7th Cir. 1996)

Again, the, Sixth Circuit's judgment **vacating** District Court's Judgment on February 17,

2017, "Case No. 16-1207", stated, (Exhibit K);

"The state court held a hearing on the motion, at which it recognized that the defendants
had in fact sold Barnaby's property without first obtaining a foreclosure judgment on the
property, which contravened Michigan law. Yet, the state court ultimately denied
Barnaby's motion." "Id. at *3."

It is clear, Trial Judges were disqualified to both presided over the case to entered the same

Judgment and Order against Plaintiff because they were bias violated Plaintiff's constitutional

rights, is an unconstitutional deprivation of Barnaby's Fourteenth Amendment to the United

States Constitution not to be deprived of Life, Liberty, or Property without due process of law

and to enjoy the equal protection of the laws of the State of Michigan, (Exhibit K). As such

Plaintiff is entitled to declaratory judgment.

### Count Sixth as to Trial Judges and Appellate Judges
### (Declaratory Judgment)

67.     Mr. Barnaby hereby incorporates paragraphs 1 through 66 above as if fully set forth herein

The above facts demonstrate the (Defendants committed "fraud upon the Court"), and (violation Mr. Barnaby's constitutional rights) pursuant to the 4 2 U.S.C. §1983; Fourteen Amendment; Civil Right Act of 1866 and of the United States Constitution, as the actions of both Trial Judges' and Appellate Judges', are "fraud upon the Court", and prohibit Defendants from claiming the Full Faith and Credit Clause found in Article IV, § 1 of the United States Constitution.

Mr. Barnaby is entitled to declaratory judgment holding that Defendants' actions in violated Barnaby's constitutional rights and ignored the United States Supreme Court Precedent on "Void Judgment" and "Void Order", is as follows:

Judgment is a void judgment if court that rendered judgment lacked jurisdiction of the subject matter, or of the parties, or acted in a manner inconsistent with due process, Fed Rules Civ. Proc., Rule 60(b)(4), 28 U.S.C.A.; U.S.C.A. Const Amend. 5. Klugh v. U.S., 620 F.Supp. 892 (D.S.C. 1985). Milliken v. Meyer, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 2d 278 (1940).… or lacks inherent power to enter the particular judgment, or an order procured by fraud, can be attacked at any time, in any court, either directly or collaterally, provided that the party is properly before the court.

That, "Fraud upon the court" makes void the orders and judgments of that court. The U.S. Supreme Court has consistently held that, a void order is void at all times, does not have to be reversed or vacated by a judge, cannot be made valid by any judge, nor does it gain validity by the passage of time. The order is void ab initio. Vallely v. Northern Fire & Marine Ins. Co., 254 U.S. 348, 41 S.Ct. 116 (1920). "Fraud destroys the validity of everything into which it enters," Nudd v. Burrows (1875), 91 US 426,23 Led 286,290; particularly when "a judge himself is a party to the fraud," Cone v. Harris (Okl. 1924), 230 P. 721, 723. Windsor v. McVeigh (1876), 93 US 276, 23 Led 914, 918." The precedent of, Earle v McVeigh, 91 US 503, 23 L Ed 398, "Every person is entitled to an opportunity to be heard in a court of law upon every question involving his rights or interests, before he is affected by any judicial decision on the question."

Mr. Barnaby is further entitled to a declaratory judgment, as Michigan Supreme

Court's, precedence on "Void Judgment" or "Void Order", is as follows:

> "void" judgment, as we all know, grounds no rights, forms no defense to actions taken
> thereunder, and is vulnerable to any manner of collateral attack (thus here, by).  No
> statute of limitations or repose runs on its holdings, the matters thought to be settled
> thereby are not res judicata, and years later, when the memories may have grown dim and
> rights long been regarded as vested, [any disgruntled litigant may reopen old wound and
> once more probe its depths.  And it is then as though trial and adjudication had never
> been.  Fritts v. Krugh, Supreme Court of Michigan, 92 N.W.2d 604, 354 Mich. 97
> (10/13/58)

As on March 01, 2010 the Trial Judge Butzbaugh aided and abetted Non-Lawyer

Treasurer Witkowski to do Unauthorized Practice of Law {UPL} to procure "Judgment" against

Barnaby on August 18, 2010 (without notice to Barnaby).  Treasurer Bret Witkowski confessed

in sworn deposition that Trial Judge Butzbaugh gave him, Non-Lawyer Witkowski privileges to

do [UPL], to procure the "Judgment" against Barnaby; then they wittingly concealed it.  The

same not just contravened Michigan Laws, GPTA, and Penal code 750.217(c), (MCL 600.916

and MCL 450.681) and aided Berrien County Government and its Treasurer Bret Witskowski, it

cause "fraud upon the Court" and violated Mr. Barnaby's constitutional rights.

> Justice Kennedy, the author of the majority opinion in both White and Caperton, once
> said "The law makes a promise…. The promise is neutrality. If that promise is broken,
> the law ceases to exist. All that's left is the dictate of a tyrant, or a mob."

The same defrauded Barnaby from an opportunity to be heard, prevented case from being

res judicata "decided on the merits" and collateral estoppel, "full and Fair opportunity to

Litigate". As such, all Trial Judges and all Appellate Judges actions and in acts tainted the

judicial machinery of the court, and caused "fraud upon the court", as they violated Mr. Barnaby

constitutional rights. As such Plaintiff is entitled to declaratory judgment.

## Count Seven as to Trial Judges and Appellate Judges
### (Declaratory Judgment)

68.     Plaintiff hereby incorporates paragraphs 1 through 67 above as if fully set forth herein. The above facts demonstrate that Trial Judges and Appellate Judges constant violations of Plaintiff's constitutional rights inclusive (wittingly withheld the material evidences), is (gross negligence) given the their promised to sanction Plaintiff after violating his constitutional rights on grounds of bias and prejudice without being neutral is also judicial corruptions, entitled Plaintiff to have declaratory Judgments against Defendants.

Furthermore, Mr. Barnaby is entitled to a declaratory judgment holding that Trial Judge Butzbaugh and Trial Judge Dewane (wittingly withheld the evidences), that Trial Judge Butzbaugh aided and abetted, Non-Lawyer Treasurer Witkowski to do Unauthorized Practice of Law {UPL} to procure "Void Judgment against Barnaby, (without notice to Barnaby), so he could be present to defend his constitutional rights and that Trial Judge Dewane corruptly colluded with 'Berrien County Government and its Treasurer Bret Witskowski and (withheld material evidence) of the "Oral Contracts" between the parties, (Exhibits C, H, E), and then, corruptly ruled that Mr. Barnaby did not prove Oral Contracts existed between the parties, then Trial Judge Dewane made Judge Butzbaugh's August 18, 2010 "Void-Judgment", "valid", committed ("fraud upon the court"), and that all the other Defendants abandoned their required duties to correct Plaintiff's constitution violations, is an unconstitutional deprivation of Barnaby's Fourteenth Amendment to the United States Constitution not to be deprived of Life, Liberty, or Property without due process of law and to enjoy the equal protection of the laws of the State of Michigan. As such Plaintiff is entitled to declaratory judgment.

**WHEREFORE,** Plaintiff, Barnaby respectfully requests this Court to:

1.   Issue a declaratory judgment finding that the conduct of Defendants, as described above, has violated and continues to violate Barnaby's rights pursuant to the Fourteenth Amendment to the Constitution, the Civil Rights Act of 1871, 42 U.S.C. § 1983 and the Civil Rights Act of 1866.

2.   Issue a declaratory judgment finding that Trial Judge Butzbaugh and  the other Defendants whom shirked their requires duties to correct Mr. Barnaby's Constitutional Rights violations, of Trial Judge Butzbaugh's aided and abetted, Non-Lawyer Treasurer Witkowski to do Unauthorized Practice of Law {UPL} to procure "Void Judgment against Barnaby without noticing Barnaby, so he could be present to defend his rights and wittingly concealed it from Mr. Barnaby, which deprives him of his liberties and properties violated Plaintiff's rights to the Fourteenth Amendment, see Exhibits B, C, E.

3.   Issue a declaratory judgment finding that both Trial Judges and Appellate Judges ignoring and volitions of Michigan Laws and Federal Laws, such as, General Property Tax Act, P.A. 206 of 1893, amended (MCL 211.1 et seq.) ("GPTA"), MCR 2.612 (C) (1) (d) (e) (f), (MCL 600.916 and MCL 450.681), MCL 211.78a-l; 28 U.S.C. § 455(a), (b); MCR 2.003 (C); Fritts v. Krugh, Supreme Court of Michigan, 92 N.W.2d 604, 354 Mich. 97 (10/13/58); Rowland v. Calif. Men's Colony, 506 U.S. 194, 201-203 (1993), Fourteenth Amendment resulted in Defendants  violating the Full Faith and Credit Clause of the United States Constitution and violated Plaintiff's constitutional rights of the United States Constitution not to be deprived of Life, Liberty, or Property without due process of law and to enjoy the equal protection of the laws of the State of Michigan.

4.    Issue a declaratory judgment finding that Trial Judges' and Appellate Judges', Judgements and Orders relative to Plaintiff's claim are "Void", as they violated Plaintiff's constitutional rights of the United States Constitution not to be deprived of Life, Liberty, or Property without due process of law and to enjoy the equal protection of the laws of the State of Michigan.

5.    Issue a declaratory judgment finding that Trial Judges and Appellate Judges unwillingness to give Barnaby monitory relied and or to declare judgments and orders simply "void", so Plaintiff could get monetary relief in Federal Court and that Defendants shirked their requires duties to correct Mr. Barnaby's Constitutional Rights violations, is an unconstitutional deprivation of Barnaby's Fourteenth Amendment to the United States Constitution not to be deprived of Life, Liberty, or Property without due process of law and to enjoy the equal protection of the laws of the State of Michigan.

6.    Issue a declaratory judgment finding that Trial Judge Butzbaugh and Trial Judge Dewane were (disqualified) as tired of fact and to enter the same Judgements against Plaintiff, as they violated Plaintiff's constitutional rights pursuant to Fourth Amendment, and that the other Defendants shirked their requires duties to correct Mr. Barnaby's Constitutional Rights violations, is an unconstitutional deprivation of Barnaby's Fourteenth Amendment to the United States Constitution not to be deprived of Life, Liberty, or Property without due process of law and to enjoy the equal protection of the laws of the State of Michigan.

7.     Issue a declaratory judgment finding that Trial Judge Butzbaugh and Trial Judge

Dewane, "wittingly withheld the material evidences", is "gross negligence" and "fraud upon the

courts" and violated Barnaby's constitutional rights and that the other Defendants abandonment

of their requires duties to correct Mr. Barnaby's Constitutional Rights are also an

unconstitutional deprivation of Barnaby's Fourteenth Amendment to the United States

Constitution not to be deprived of Life, Liberty, or Property without due process of law and to

enjoy the equal protection of the laws of the State of Michigan.


8. Award Mr. Barnaby any and all other relief that is just and appropriate under the

circumstances.


Respectfully Submitted


Dated:  March 12, 2019

Owen W. Barnaby, In Pro Se.


47

ified for domestic use.
cluded to many major
ions.

insurance.

ally, a customs
quired.



UNITED STATES POSTAL SERVICE.

Retail

**P**

US POSTAGE PAID

**$12.55**

Origin: 30101
03/12/20
1200440383-05

PRIORITY MAIL 2-DAY ®

2 Lb 13.80 Oz

1004

EXPECTED DELIVERY DAY: 03/14/20

SHIP
TO:
GRAND RAPIDS MI 49503

USPS TRACKING® NUMBER

9505 5117 6348 0072 7710 71

**ENVELOPE**

To schedule free
Package Pickup,
scan the QR code.





EP14 Oct 2018

**PRIORITY** ★ **MAIL** ★

UNITED STATES POSTAL SERVICE ®

VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

FROM: OWEN Barnaby
PO Box 1926
Hennesaw GA
30156

TO: Clerk of Court
United State District Court
101 Michigan St., NW
Grand Rapids mI
49503

Label 228, March 2016     FOR DOMESTIC AND INTERNATIONAL USE

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® shipments. Misuse ma
be a violation of federal law. This packaging is not for resale. EP14 © U.S. Postal Service: October 2018. All rights reserved.





Pont™ Tyvek®
t What's inside.™

