UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OWEN BARNABY,

        Plaintiff,                              Hon. Janet T. Neff

v.                                                Case No. 1:20-CV-232

MABEL J. MAYFIELD, et al.,

        Defendants.
_____/

## REPORT AND RECOMMENDATION

      Plaintiff initiated this action against eleven Michigan judges and two state courts. Because Plaintiff has been permitted to proceed as a pauper (ECF No. 4), the Court has reviewed Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's complaint be dismissed.

## BACKGROUND

      The present lawsuit is for all practical purposes a continuation of a previous action Plaintiff unsuccessfully pursued in this Court. *See Barnaby v. Witkowski*, 1:14-cv-1279 (W.D. Mich.). The Honorable Ellen. S. Carmody previously described the underlying issue in this matter as follows:

1

> In 2005, Plaintiff purchased from Berrien County a foreclosed parcel of property for five thousand two hundred fifty dollars and zero cents ($5,250.00).  Plaintiff failed to timely pay the 2005 and 2006 property taxes on this parcel, but satisfied each delinquency before such resulted in foreclosure.  Plaintiff failed to timely pay the 2007 and 2008 property taxes, but unlike previous years did not satisfy the delinquency. Berrien County subsequently initiated foreclosure proceedings and the property was eventually sold at auction.
>
> Plaintiff later sought relief in state court to overturn the foreclosure and sale of the property in question.  In an Order dated July 13, 2012, the Berrien County Trial Court denied Plaintiff's request for relief and upheld the foreclosure and sale of the property.  Subsequent motions for post-judgment relief filed in the trial court were denied.  Plaintiff thereafter unsuccessfully sought relief in the Michigan Court of Appeals.

*Barnaby v. Witkowski*, 1:14-cv-1279, ECF No. 159 (W.D. Mich.).

In the previous action, Plaintiff asserted various claims against Berrien County and the Berrien County Treasurer.  Judge Carmody ultimately granted Defendants' Motion to Dismiss and/or for Summary Judgment, which terminated Plaintiff's action.  (*Id*. at ECF No. 159-60).  Plaintiff appealed the matter to the Sixth Circuit, which affirmed Judge Carmody's decision.  (*Id*. at ECF No. 168). Plaintiff now returns, asserting various claims for declaratory relief.  Specifically, Plaintiff asserts seven causes of action, all of which are premised on his belief that the Michigan judges involved in denying him relief in state court violated his federal constitutional rights.

2

## ANALYSIS

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 seeking declaratory relief. Section 1983 "contemplates a declaratory judgment [action] against judicial officers . . . in their official capacities." *Ward v. City of Norwalk*, 640 Fed. Appx. 462, 467 (6th Cir., Feb. 3, 2016) (citations omitted). Any such action, however, is still subject to jurisdictional obstacles such as the *Rooker-Feldman* doctrine, as well as the requirement that an action present a live case or controversy. *See Mackey v. Berryman*, 2019 WL 197000 at *6 (E.D. Mich., Jan. 15, 2019). The present action fails to overcome either of these hurdles.

### I.  Live Case or Controversy

Federal courts are not permitted to issue advisory opinions, but rather are limited to deciding matters presenting a live case or controversy. *See, e.g., Golden v. Zwickler*, 394 U.S. 103, 108 (1969). To understand why Plaintiff's complaint fails to present a live case or controversy, discussion of a recent Sixth Circuit decision is instructive.

In *Cooper v. Rapp*, 702 Fed. Appx. 328 (6th Cir., July 25, 2017), the Honorable James Rapp presided over a state court matter initiated by Timothy Cooper. *Id.* at 329. Judge Rapp ultimately granted the defendants' motion for summary judgment and, thereafter, awarded sanctions against Cooper and his attorney. *Id.* at 329-30. In response, Cooper and his attorney filed suit in federal district court against Judge Rapp, seeking, in part, a declaratory judgment that the judge's actions were unlawful. *Id.* at 330-31.

3

The district court subsequently dismissed the plaintiffs' claims after which the matter was appealed to the Sixth Circuit. *Id.* at 331. The Sixth Circuit recognized that a declaratory judgment action against a judicial officer was "in some circumstances" authorized by § 1983. *Id.* at 333. The court, however, concluded that the plaintiffs' action failed to present a live case or controversy. Specifically, the court held that, because Judge Rapp was not a party to the state court proceedings, but was instead acting as a "disinterested judicial adjudicator," the plaintiffs' claims were not cognizable and, therefore, did not present a live case or controversy. *Ibid.*

The same logic and analysis applies here as Plaintiff is seeking declaratory relief against the judicial officers that presided over his various state court actions. Accordingly, the undersigned recommends that Plaintiff's complaint be dismissed as failing to present a live case or controversy.

## II. Rooker-Feldman

Unlike state courts, which are courts of general jurisdiction, the federal courts are courts of limited jurisdiction. A significant limitation upon the jurisdiction of the federal district courts is that such courts are precluded from reviewing judgments of the state courts. As the Supreme Court has long recognized, the jurisdiction of the federal district courts is "strictly original" and, therefore, only the United States Supreme Court can "entertain a proceeding to reverse or modify" a judgment entered by a state court. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *see also, Exxon Mobile Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005).

4

To determine whether *Rooker-Feldman* bars a claim, the Court looks to the "source of the injury the plaintiff alleges in the federal complaint." *VanderKodde v. Mary Jane M. Elliott, P.C.*, 951 F.3d 397, 402 (6th Cir. 2020). If the source of the plaintiff's injury is the state court judgment, *Rooker-Feldman* applies. On the other hand, if plaintiff alleges some other source for his injury, such as the actions of a third-party, the doctrine does not apply. *Ibid.*

Some of Plaintiff's causes of action explicitly identify a state court judgment as the source of his injury. In other causes of action, Plaintiff alleges that the source of his injury are the various decisions and rulings that the defendant judges made during the course the of proceedings, which resulted in entry of judgment against Plaintiff. For purposes of *Rooker-Feldman*, the Court discerns no meaningful distinction between the two circumstances, as both would require this Court to, in effect, exercise appellate jurisdiction over the actions and decisions of state court judges. The Court lacks jurisdiction to act in such a capacity. *See, e.g., In re Isaacs*, 895 F.3d 904, 914 (6th Cir. 2018) (*Rooker-Feldman* bars any claim which requires a lower federal court to exercise what "amounts to appellate review of a state-court judgment"). Accordingly, the undersigned recommends, in the alternative, that Plaintiff's claims be dismissed for lack of subject matter jurisdiction.

## CONCLUSION

For the reasons discussed herein, the undersigned recommends that Plaintiff's complaint be dismissed. The undersigned further recommends that appeal of this matter would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997); 28 U.S.C. § 1915(a)(3).

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: March 25, 2020

/s/ Phillip J. Green
PHILLIP J. GREEN
United States Magistrate Judge