UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OWEN W. BARNABY,

    Plaintiff,

v

THE HONORABLE MABEL J. MAYFIELD, C.J, THE HONORABLE DENNIS M. WILEY, THE HONORABLE ALFRED M. BUTZBAUGH, THE HONORABLE JOHN E. DEWANE, THE HONORABLE JOHN M. DONAHUE, Berrien County Circuit Trial Court Judges, BERRIEN COUNTY TRIAL COURT, for the State of Michigan, THE HONORABLE WILLIAM B. MURPHY, CJ, THE HONORABLE JANE M. BECKERING, THE HONORABLE JOEL P. HOEKSTRA, THE HONORABLE DAVID H. SAWYER, THE HONORABLE MARK T. BOONSTRA, THE HONORABLE JAMES ROBERT REDFORD, Michigan Court of Appellate Judges, MICHIGAN COURT OF APPEALS, for the State Of Michigan,

    Defendants.

No. 1:20-cv-232

HON. JANET T. NEFF

MAG. PHILLIP J. GREEN

**DEFENDANTS MICHIGAN COURT OF APPEALS, MURPHY, BECKERING, HOEKSTRA, SAWYER, BOONSTRA, AND REDFORD'S MOTION TO DISMISS FOR IMPROPER SERVICE**

Owen W. Barnaby
Plaintiff in Pro Per
P. O. Box 1926
Kennesaw, GA 30156
(269) 335-4876

Kendell S. Asbenson (P81747)
Attorney for Defendants Michigan Court of Appeals, Hon. William Murphy, Hon. Jane Beckering, Hon. Joel Hoekstra, Hon. David Sawyer, Hon. Mark Boonstra, and Hon. James Redford

Civil Litigation, Employment & Elections
Division
P. O. Box 30736
Lansing, MI 48909
(517) 335-7659
(517) 335-7640 – Fax
asbensonk1@michigan.gov
_____/

**DEFENDANTS MICHIGAN COURT OF APPEALS, MURPHY, BECKERING, HOEKSTRA, SAWYER, BOONSTRA, AND REDFORD'S MOTION TO DISMISS FOR IMPROPER SERVICE**

Defendants, the Michigan Court of Appeals, and Judges William Murphy, Jane Beckering, Joel Hoekstra, David Sawyer, Mark Boonstra, and James Redford (the Court of Appeals Defendants), by and through their attorney, Assistant Attorney General Kendell S. Asbenson, appear for the limited purpose of asserting improper service in this matter. In support of this motion to dismiss under Fed. R. Civ. P. 12(b)(5), Defendants state as follows:

1. Plaintiff filed this lawsuit on or about March 16, 2020.

2. As of the filing date of this motion, Plaintiff has not caused the complaint or summonses to be served on the Court of Appeals Defendants.

3. Defendant Barnaby has acknowledged this deficiency in his Motion for Clarification dated April 13, 2020. (ECF No 13, Page ID.231.)

4. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999). "Unless a named defendant agrees to waive service, the summons continues to function as the

2

*sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 350-51. As evidenced by its motion, the Court of Appeals Defendants do not and have not waived service of process.

5. Plaintiff Barnaby bears the burden of proving that proper service was effected on Defendants. *Aetna Business Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981); *Frederick v. Hydro-Aluminum S.A.*, 153 F.R.D. 120, 123 (E.D. Mich. 1994). *See LSJ Investment Company, Inc. v. O.L.D., Inc.*, 167 F.3d 320, 324 (6th Cir. 1999) ("actual knowledge and lack of prejudice cannot take the place of legally sufficient service").

6. In resolving a motion to dismiss for ineffective service, a court may construe the motion as a motion to quash service. *See Young's Trading Company v. Fancy Import, Inc.*, 222 F.R.D. 341, 342-43 (W.D. Tenn. 2004) ("[w]here service is ineffective, a court has discretion to either dismiss the action or quash service and retain the case"). *See Stern v. Beer*, 200 F.2d 794, 795 (6th Cir. 1953) ("if the first service of process is ineffective, a motion to dismiss should not be granted, but the case should be retained for proper service later").

7. To effectuate proper service of process under Fed. R. Civ. P. 4(c)(1), a complaint must be served with an executed and issued summons. Also, a plaintiff may not serve a complaint and summons. Fed. R. Civ. P. 4(c)(2), (e); Mich. Ct. R. 2.103(A). Here, proper service has not occurred. As Plaintiff himself stated in his motion for clarification, the only service possibly effectuated in this case was by "Plaintiff" who purportedly "has served" Defendants. Even if this were true, this

3

attempted service was ineffective as it was done by Plaintiff and was not accompanied by a summons. *See also Reading v. United States*, 506 F. Supp. 2d 13, 19 (D.D.C. 2007) ("Rule 4(c) expressly and clearly prohibits a plaintiff from effectuating service on a defendant.").

8. Fed. R. Civ. P. 4(e) states that effective service of process occurs when an individual defendant is personally served or when service is effectuated in accordance with state law.

9. Under Mich. Ct. R. 2.105(A)(1), individuals may be served by "delivering a summons and a copy of the complaint to the defendant personally." Under Mich. Ct. R. 2.105(A)(2), process may be served on an individual by "sending a summons and a copy of the complaint by registered or certified mail" to the addressee. Since Defendants Murphy, Beckering, Hoekstra, Sawyer, Boonstra, and Redford are individual Defendants in this action, Plaintiff must either: 1) personally serve each individual; or 2) send the summons and complaint to each individual by certified or registered mail.

10. In order to properly serve Defendant Michigan Court of Appeals, Fed. R. Civ. P. 4(j) states that service must be made upon the chief executive officer of the governmental unit or by any other manner provided under state law. Likewise, under Mich. Ct. R. 2.105(G), the head of the public body being sued must be served. In this matter, the head of the Michigan Court of Appeals is the Chief Judge of the Michigan Supreme Court.

4

11. Neither the Michigan Court of Appeals nor any of the individual Court of Appeals Judges have been properly served in this matter.

12. Further, Plaintiff has raised no valid objection to Magistrate Judge Green's Report and Recommendation that recommends dismissal of this case and as such this case should be dismissed with prejudice.

Wherefore, Defendants Michigan Court of Appeals, and Judges William Murphy, Jane Beckering, Joel Hoekstra, David Sawyer, Mark Boonstra, and James Redford, ask this Court to dismiss Plaintiff's complaint with prejudice.

Respectfully submitted,

Dana Nessel
Attorney General


*s/Kendell S. Asbenson*
Kendell S. Asbenson (P81747)
Attorneys for Defendants Michigan
Court of Appeals, Hon. William
Murphy, Hon. Jane Beckering, Hon.
Joel Hoekstra, Hon. David Sawyer,
Hon. Mark Boonstra, and Hon. James
Redford
Michigan Department of Attorney
General
Civil Litigation, Employment &
Elections Division
P. O. Box 30736
Lansing, MI 48909
Asbensonk1@michigan.com
(517) 335-7659
P81747

Dated: April 21, 2020

5

## CERTIFICATE OF SERVICE

I hereby certify that on April 21, 2020, I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record and that I have mailed on April 22, 2020, by United States Postal Service the paper to the following non-ECF participants:

Owen W. Barnaby
P. O. Box 1926
Kennesaw, GA 30156

                                 *s/Kendell S. Asbenson*
                                 Kendell S. Asbenson (P81747)
Attorney for Defendants Michigan Court of Appeals, Hon. William Murphy, Hon. Jane Beckering, Hon. Joel Hoekstra, Hon. David Sawyer, Hon. Mark Boonstra, and Hon. James Redford
Michigan Department of Attorney General
Civil Litigation, Employment & Elections Division
P. O. Box 30736
Lansing, MI 48909
asbensonk1@michigan.com
(517) 335-7659
P81747