UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OWEN W. BARNABY,

    Plaintiff,

v.

MABEL J. MAYFIELD, et al.,

    Defendants.

_____/

Case No. 1:20-cv-232

HON. JANET T. NEFF

**OPINION AND ORDER**

Plaintiff, a self-described "small real-estate Investor,"[1] filed this civil rights action against eleven Michigan judges and two state courts following the dismissal of his previous federal lawsuit, in a continued effort to obtain relief related to a county property tax foreclosure and sale. On March 25, 2020, the Magistrate Judge issued a Report and Recommendation, recommending that the action be dismissed upon initial screening pursuant to 28 U.S.C. § 1915(e)(2)(B) on grounds that the complaint: (1) fails to present a live case or controversy; and (2) is barred by *Rooker-Feldman* because it would require this Court to exercise jurisdiction over the actions and decisions of state court judges, and therefore, the Court lacks subject matter jurisdiction.

The matter is presently before the Court on Plaintiff's April 9, 2020 Objection to the Report and Recommendation (ECF No. 10), although the parties have engaged in a host of subsequent motions and other filings. On April 9, 2020, Plaintiff also filed an "objection motion" to the order referring this case to the Magistrate Judge (ECF No. 9). On April 15, 2020, Plaintiff filed a Motion

---

[1] (Objection, ECF No. 10 at PageID.170).

for Clarification (ECF No. 13) of the order granting him leave to proceed in forma pauperis (ECF No. 4) and filed an Amended Complaint (ECF No. 12).  On April 21, 2020, Defendants Michigan Court of Appeals, and Judges William B. Murphy, Jane M. Beckering, Joel P. Hoekstra, David H. Sawyer, Mark T. Boonstra, and James Robert Redford (the Court of Appeals Defendants) filed a Motion to Dismiss for Improper Service (ECF No. 15).  On April 27, 2020, Plaintiff filed a Request that the Clerk of the Court Enter Default Judgment against all Defendants (ECF No. 19).  Finally, on April 29, 2020, Defendants Berrien County Circuit Trial Court Judges Mabel J. Mayfield, Dennis M. Wiley, Alfred M. Butzbaugh, John E. Dewane, John M. Donahue, and Berrien County Trial Court for the State of Michigan (the Berrien County Trial Court Defendants) filed an Objection to Plaintiff's Request to Enter Default Judgment Against All Defendants for Failure to Answer and a Motion to Dismiss for Improper Service (ECF No. 21).

In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made.  The Court denies Plaintiff's objection to the Report and Recommendation and issues this Opinion and Order.  The Court denies the remaining pending motions, objections, and pleadings as without merit or moot.

I.  Procedural Challenges

As an initial matter, Plaintiff's objection to the order of reference to the Magistrate Judge (ECF No. 7) has no merit.  Plaintiff raises no challenge to the order of reference itself, but instead asserts that the Report and Recommendation is moot.  Plaintiff provides no valid supporting argument for his challenge to the order of reference.  This objection is denied.

Likewise, Plaintiff's motion for clarification is moot or without merit.  Plaintiff seeks an explanation as to why the Court has not ordered his complaint and the summonses to be served

upon Defendants given the order granting Plaintiff leave to proceed in forma pauperis, which requires Plaintiff to serve Defendants with documents. The Order to Proceed In Forma Pauperis, in relevant part, provides for the expense of service and service of pleadings by Plaintiff:

> IT IS ORDERED that Plaintiff may commence this action without prepayment of fees or costs or security therefor. Any pleadings herein served by the United States Marshal shall be at the expense of the United States government. All costs shall be reimbursed to the United States government should the Plaintiff prevail.
>
> IT IS FURTHER ORDERED that Plaintiff shall serve upon Defendants or, if appearance has been entered by an attorney, upon the attorney, a copy of every further pleading or other document submitted for consideration by the Court. …

(ECF No. 4). However, as indicated at the outset of the Report and Recommendation, Plaintiff's complaint was subject to review pursuant to 28 U.S.C. 1915(e)(2) prior to service, which resulted in the recommended dismissal:

> Because Plaintiff has been permitted to proceed as a pauper (ECF No. 4), the Court has reviewed Plaintiff s complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, or fails to state a claim upon which relief can be granted. Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Plaintiff's complaint be dismissed.

(ECF No. 8 at PageID.155).

> 28 U.S.C. § 1915(e)(2)(B) provides:
>
> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that--
>
> * * *
>
>   (B) the action or appeal--
>     (i) is frivolous or malicious;
>     (ii) fails to state a claim on which relief may be granted; or
>     (iii) seeks monetary relief against a defendant who is immune from such relief.

Plaintiff's complaint has not been served because it is subject to dismissal based on the review under 28 U.S.C. § 1915(e)(2) as indicated in the Report and Recommendation. No additional clarification is warranted.

## II. Objection to Report and Recommendation

Plaintiff objects to the Magistrate Judge's conclusion with regard to both the "Live Case or Controversy" and the "*Rooker-Feldman*" determinations.

### A. Live Case or Controversy

The Magistrate Judge concluded that Plaintiff's complaint is subject to dismissal because it fails to present a live case or controversy (ECF No. 8 at PageID.157-158, citing, e.g., *Golden v. Zwickler*, 394 U.S. 103, 108 (1969)). This conclusion is based on the case circumstances and the controlling legal authority, including a recent Sixth Circuit case involving analogous circumstances, *Cooper v. Rapp*, 702 F. App'x 328 (6th Cir. July 25, 2017).

Plaintiff argues that the Report and Recommendation is moot with respect to the live case or controversy determination for two reasons. First, Plaintiff's state court issues and civil rights complaint are uniquely different from those in *Cooper* and therefore require a different federal court resolution (ECF No. 10 at PageID.175). Plaintiff argues that, here, the judge's actions were non-binding unconstitutional judgments and orders or actions outside the judge's judicial jurisdiction, in violation of Plaintiff's constitutional rights. Second, this case involves a judge acting outside his judicial jurisdiction in aiding and abetting the non-lawyer county treasurer in foreclosing on and selling his property without notice to Plaintiff, making the judge's decision advisory (*id.* at PageID.181).

Contrary to Plaintiff's arguments, the circumstances in *Cooper* are not factually or legally distinguishable. The judges here were not parties to the state court proceedings, but were instead

4

acting as "disinterested judicial adjudicator[s]" (*see* ECF No. 8 at PageID.158). The Magistrate Judge properly concluded that "[t]he same logic and analysis applies here as Plaintiff is seeking declaratory relief against the judicial officers that presided over his various state court actions" (*id*.). Accordingly, Plaintiff's complaint is properly dismissed for failing to present a live case or controversy (*id*.). Plaintiff's objection is denied.

B. *Rooker-Feldman* Doctrine

Alternatively, the Magistrate Judge concluded that Plaintiff's complaint should be dismissed for lack of subject matter jurisdiction based on *Rooker-Feldman*, which bars a claim if the source of the plaintiff's injury is the state court judgment (ECF No. 8 at PageID.158-159). The Magistrate Judge observed that Plaintiff's causes of action either explicitly identify a state court judgment as the source of his injury or allege that the source of his injury are the various decisions and rulings that the defendant judges made during the course of the proceedings, which resulted in entry of judgment against Plaintiff (*see id*.). For purposes of *Rooker-Feldman*, the result is the same either way because both would require the Court to exercise appellate jurisdiction over the actions and decisions of state court judges (*id*.).

As above, Plaintiff argues that the Report and Recommendation is moot with respect to *Rooker-Feldman* because it is based on an inaccurate assumption. Plaintiff asserts that because the state court "advisory opinions, advisory judgments and advisory orders" are nonbinding, Plaintiff is not asking this Court to review state court "judgments" (ECF No. 10 at PageID.181-182). Plaintiff reasons that the state court judge permitted the county treasurer to engage in the unauthorized practice of law with respect to the foreclosure sale. Thus, the judge was acting outside the scope of his judicial jurisdiction, making his judgment advisory.

Plaintiff's reasoning and conclusion are based on a misunderstanding of the law and a misapplication of legal principles. Plaintiffs' challenges to the validity of the state court opinions, orders and judgments do not render them advisory, such that the doctrine of *Rooker-Feldman* is moot. Plaintiff's objection is denied.

### III. Remaining Matters

Having concluded that Plaintiff's Objection to the Report and Recommendation is without merit, the Court concludes that the Report and Recommendation is properly adopted, and this case will be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

Plaintiff's filing of the Amended Complaint does not change this result. The Amended Complaint is based on the same underlying circumstances and fails to cure the deficiencies in this action.

In light of the Court's decision and reasoning, the remaining pending motions are moot or without merit. Plaintiff's motion for entry of default judgment as to all Defendants for failure to serve answers on Plaintiff (ECF No. 19) is denied as without merit since Defendants have not yet been served with process, and Plaintiff is not entitled to a default judgment.

The Court of Appeals Defendants' motion to dismiss Plaintiff's complaint for lack of service or improper service, and because Plaintiff has raised no valid objection to the Report and Recommendation, is denied as moot.

The Berrien County Trial Court Defendants' Objection to Plaintiff's Request to Enter Default Judgment Against All Defendants for Failure to Answer and Motion to Dismiss for Improper Service (ECF No. 21) is denied as moot.

IV.  Conclusion

A Judgment will be entered consistent with this Opinion and Order.  *See* FED. R. CIV. P. 58.  For the above reasons and because this action was filed *in forma pauperis*, as recommended by the Magistrate Judge, this Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Judgment would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007).

Accordingly:

**IT IS HEREBY ORDERED** that the Objection (ECF No. 10) is DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 8) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Complaint (ECF No. 1) is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2) for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that Plaintiff's Objection Motion to the Order of Reference (ECF No. 9) and Motion for Clarification (ECF No. 13) are DENIED.

**IT IS FURTHER ORDERED** that Plaintiff's Request for the Clerk of the Court to Enter Default Judgment against all Defendants for Failure to Answer, Pursuant to Rule 12; Rule 55(a); Rule 55(b), (1) (ECF No. 19) is DENIED.

**IT IS FURTHER ORDERED** that Defendants Michigan Court of Appeals, Murphy, Beckering, Hoekstra, Sawyer, Boonstra, and Redford's Motion to Dismiss for Improper Service (ECF No. 15) is DENIED as moot.

**IT IS FURTHER ORDERED** that Defendants Berrien County Circuit Trial Court Judges, Mayfield, Wiley, Butzbaugh, Dewane and Donahue's Objection to Plaintiff's Request to Enter

7

Default Judgment against All Defendants for Failure to Answer and Defendants Berrien County Circuit Trial Court Judges, Mayfield, Wiley, Butzbaugh, Dewane and Donahue's Motion to Dismiss for Improper Service (ECF No. 21) is DENIED as moot.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.

Dated:  May 7, 2020                                       /s/ Janet T. Neff
                                                          JANET T. NEFF
                                                          United States District Judge